P. M. MORRIS, Admr. with will annexed, v. SAMUEL A. GRIER and others.

*Practice -- Arbitration -- Reference of Action by Attorney.*

.A reference of an action or controversy to arbitrators by an Attorney, although without the knowledge or authority of his client, is binding upon the client.

(*Moye* v. *Cogdell*, 69 N. C. 93, cited and approved.)

MOTION to confirm an Award as to valuation of land, heard at Fall Term, 1876, of CABARRUS Superior Court, before *Schenck, J.*

The facts bearing on the points decided are; that one James R. Campbell after his marriage with the defendant Sarah E. Gilmer, employed Paul B. Means, Esq. as counsel to represent his interest and that of his wife in this action, which was instituted to obtain a construction of a will in which the defendants were devisees. No restriction being placed on the power of Mr. Means as attorney, he agreed to refer the matters in controversy to arbitrators. Campbell was not consulted when said agreement was made and signed by Mr. Means, and the Docket of said Court showed that he had been of counsel for defendants since Fall Term, 1873.

Upon this state of facts the Court was of opinion that said attorney had power to bind said Campbell and wife by the agreement aforesaid, and adjudged that the award of the arbitrators be in all respects confirmed. From which judgment the defendants appealed.

*Messrs. R. Barringer* and *W J. Montgomery,* for plaintiff. *Messrs. Wilson & Son,* for defendants.

FAIRCLOTH, J. This action was brought to obtain a construction of a will and a settlement with the defendant devisees in said will.

The defendants employed an Attorney to represent their interest in the suit. For the purpose of equalizing the legacies as required by the will, the Attorney agreed to refer the matter to arbitrators whose award was to be the judgment of the Court. He had no special authority to do so. Are his clients bound by the reference? There is no doubt that the Attorney's agreements about continuances. about evidence, the conduct of the trial and the like, will generally bind the client. He cannot enter into a compromise without the consent of his client. *Holker* v. *Parker, infra.* He cannot accept a draft in payment of a judgment debt payable in future, without special authority from his client. *Moye* v. *Cogdell,* 69 N. C. 93.

In England it was held that the Attorney has power to submit a case to arbitration although the client desired it should not be done. The client's remedy in such cases being an action against the Attorney for damages. *Thomas* v. *Hews,* 2 C. & M. 327. So he may modify the terms of submission when the client has agreed to refer and may enlarge time for the abitrators to make their award. *Rex* v. *Hill,* 7 Price, 630.

An authority to prosecute or defend a suit, implies a power to refer it by rule of Court. *Buckland* v. *Conway,* 16 Mass. 396. The general rule is that he may submit the matter in dispute to arbitration, because by the implied assent of his client arising from his employment, he may do anything which the Court may approve in the progress of the cause when there is a suit pending. *Jenkins* v. *Gillespie,* 10 vol. Sm. and M. 31, (Mississippi.)

An Attorney at law, as such, has authority to submit the cause to arbitration. *Holker* v. *Parker,* 7 Cranch 436, where the Court say, 'It is believed to be the practice throughout the Union for suits to be referred by consent of counsel without special authority." Upon the weight of these and other authorities, we are of opinion that the defendants are

bound by the rule of reference made by their Attorney in this case without their special assent. The reason of our decision being that arbitration is one of the legal modes of trying disputed questions to which the client's cause may be submitted by the Attorney under his general authority to prosecute or defend.

No error.

PER CURIAM.                              Judgment affirmed.