GIDEON PERRY and others v. HENRY M. TUPPER.

*Trial by Referee—Consent Reference.*

1. Where an action by agreement between the parties is referred to a Referee *for trial*; *Held,* that the Court has no power to discontinue the reference at its discretion, or to vacate the same upon demand of one of the parties for a jury trial.

2. Such a reference may be terminated by the death of the Referee, or for good and sufficient cause shown to the Court.

(*Armfield* v. *Brown,* 70 N. C. 27, cited and approved.)

MOTION to set aside an Order of Reference, heard at January Special Term, 1877, of WAKE Superior Court, before *Schenck, J.*

In this action (see same case, 74 N. C. 722,) the plaintiffs moved the Court to empannel a jury to try the issues of fact therein, which was resisted by the defendant upon the ground that the order and agreement of reference to Joseph B. Batchelor, Esq., precluded the right of plaintiffs to have a jury. The motion was allowed and the defendant appealed.

*Messrs. D. G. Fowle* and *A. M. Lewis,* for plaintiffs.
*Messrs. E. G. Haywood, A. W. Tourgee* and *W. N. H. Smith,* for defendant.

FAIRCLOTH, J. "In all issues of fact joined in any Court the parties may waive the right to have the same determined by a jury." Const., Art. IV, § 13.

"All or any of the issues in the action, whether of fact, or of law, or both, may be referred upon the written consent of the parties." C. C. P. § 244.

If the parties to an action need any authority to submit the issues therein to a Referee, it is found in the above pro-

visions.    The right to waive is as explicit as the right to claim a jury trial of such issues.

In the present case the parties agreed in writing to submit all the issues of law and fact to a Referee *for trial*, his finding upon the issues of fact to be final and his finding upon issues of law to be subject to review, which agreement was filed with the record by order of the Court.    Exceptions to the Referee's report were filed and sustained in this Court, and the case was remanded for another trial.    In the Superior Court the plaintiffs demanded to have the issues of fact tried by a jury which was resisted by the defendant. The Court allowed the motion and defendant appealed.    The order of this Court remanding the case for another trial does not affect the question, as it was not intended and does not change the status of the case below in this respect.    In *Armfield* v. *Brown*, 70 N. C. 27, and in several other cases, we have held that when the parties have by consent referred the matter for trial, it is a waiver of a jury trial, and that they cannot afterwards demand it.    Any other conclusion would enable either party to procure delay in the final determination of the action, to accumulate unnecessary costs, and to trifle with the good order of judicial proceedings.

It is however claimed that the Judge has the power to discontinue the reference at his discretion.    We think not. We can see no reason why the Judge should be authorized to withdraw the trial of the controversy from that tribunal voluntarily selected by the parties, without their mutual consent, except for good and sufficient cause assigned and made to appear to the Court, and of this there is no pretension in this case.    If the parties cannot violate their agreement thus solemnly entered into, surely the Court cannot permit or enable either one to do so without the consent of the other.    For the purpose of trying the facts, the case is before another tribunal and the Court has nothing to do with it, except to stay proceedings until the report of the

Referee is before it. The death of the Referee would terminate the reference, and for sufficient cause the Judge may do it, but not otherwise.

There is error. The cause is remanded to the Superior Court to the end that the Referee may proceed with the case.

