S. C. WHITE, Cashier, v. MARY E. UTLEY, and others.

*Reference and Referee.*

An order of reference by consent entered of record, is a sufficient compliance with the statute requiring the same to be in writing. C. C. P., §244. And when entered, it must stand until a full report is made. It was also held error in the judge to pass upon exceptions to an unfinished report.

(*Johnston* v. *Haynes,* 68 N. C., 509; *Perry* v. *Tupper,* 77 N. C., 413; *Flemming* v. *Roberts, Ib.,* 415, cited and approved.)

CIVIL ACTION tried at Spring Term, 1881, of WAKE Superior Court, before *Schenck, J.*

This action is instituted to recover judgment and enforce payment of two promissory notes, each in the sum of $300, which, with another in the sum of $400, bearing the same date and since taken up by the defendant, Norris, constitute the consideration of $1000, agreed to be paid for two separate tracts of land, were executed on May 20th, 1873, by the feme defendant Mary E. and her husband, William Utley, to the plaintiff, cashier of the State National Bank of Raleigh. On July 3rd following the defendant, John G. Williams, president of the same bank, executed to the said Mary E. a penal bond in the sum of $2,000, with condition to make title to her to the lands therein particularly described and defined, upon full payment of the said three notes, the larger one recited as maturing on December 20th, 1873, and the others on the same day of the two succeeding years, and all bearing interest from date. The plaintiff demands judgment for the principal and interest of the two retained notes, and if necessary a sale of the said lands in satisfaction of what is due. The defendants, other than the said Williams who is identified in interest with the plaintiff, both being officers of the bank, filed answers to the complaint—the defendants

Utley and wife setting up certain equities subsisting between the former and Williams antecedent to the purchase of the lands and still unadjusted, and the latter relying upon her coverture and incapacity to contract; while the defendant Norris, asserts his right, as assignee of the larger bond, to participate in the distribution of the proceeds of the sale of the lands.

At spring term, 1879, the following order is entered in the cause: By consent of all the parties to this action it is referred to Geo. V. Strong as referee under the Code of Civil Procedure to find all the facts and issues of law, and report the same, together with all the evidence to this court.

Afterwards and during the term this further entry appears: The former reference in this case is stricken out, and the action is referred to S. F. Mordecai.

The referee proceeded to take evidence and hear the issues, and at January term, 1880, submitted his report, with his findings of fact and conclusions of law, separately stated and numbered, and accompanied by the evidence on which his findings are based. To the report, exceptions were filed by all the parties except Williams, and came on to be heard at spring term, 1881, when the court, upon a revision of the report, found the facts to be as set out in the record, reversing many of the findings of the referee, re-opening the matters in controversy between Utley and Williams, growing out of their relations as mortagor and mortagee, of which the giving the notes and title bond were the sequence, setting aside the report, and re-referring the cause to said George V. Strong with directions " to take and state an account between the defendants Williams and Utley, setting out the former's administration of the trust funds and the rate and amount of interest charged by the bank against the latter in their precedent transactions."

From this judgment the plaintiff alone appeals.

*Messrs. Gray & Stamps* and *Fowle & Snow*, for plaintiff.
*Messrs. Merrimon & Fuller*, *A. M. Lewis* and *W. H. Pace*, for defendants.

SMITH, C. J., after stating the case.   We interpret the successive orders of reference on the record of spring term, 1879, as intended to constitute a single reference, the second being in effect but a change of referees, and thus far only modifying the provisions of the first.   It seems to have been so recognized and acted upon as well by the referee as by the parties to the suit.

While under the Code the consent necessary to a reference (§ 244) must be in writing, the order declaring the consent and entered of record is a sufficient compliance with the statutory demand, and indeed the highest, and conclusive form of proof of the fact. .

If the record were not such evidence, the objection, now made for the first time, could not be entertained after what has occurred, and will be deemed to have been waived, as is held in *Johnston* v. *Haynes*, 68 N. C., 509.   As the consent extends not only to the terms of the reference but to the person of the referee, he, as selected by the parties, must remain in the discharge of its duties, unless with like consent another is substituted in his place, until the order has been fully executed and the final report made.   *Perry* v. *Tupper*, 77 N. C., 413 ; *Flemming* v. *Roberts*, Ib., 415.

In the case last cited, in answer to the objection that the second reference was compulsory, the court say :   " The first reference was by the express consent of both parties, and *that assent continued and could not be revoked, until the order of reference was complied with by a full report.*"

The court considering the report defective, in that, it fails to dispose of the issues raised in the answer, as to the administration of the trusts of the mortgage which the referee declined to inquire into, for the reason that he deemed

those dealings concluded and settled by the execution of the notes, directs a further reference to an appointee of its own, to report upon these omitted matters at a future day. We think there was irregularity in thus proceeding to pass upon the facts presented in an unfinished reference, and deciding the respective rights of the parties in relation thereto, and that His Honor should have deferred his judgment until all the evidence and the referee's findings are reported, and his adjudication would dispose of the whole controversy.

The inconveniences of a partial adjudication, followed by an appeal, and this from time to time repeated so as to present for review successively fragments of the case instead of the case in its entirety, are numerous and inconsistent with the system of practice which aims to bring litigation, without needless delay and expense, to a termination. As further information was required, His Honor should have suspended his judgment upon the exceptions until all the facts necessary to a complete determination of the cause were reported.

The rulings predicated upon a partial report may hereafter require modification or be wholly reversed, upon further evidence, and this could not be, if we undertake to decide them upon this appeal.

The rulings of His Honor upon the exceptions were premature and must be set aside, so as not to prejudice a future adjudication upon the merits, and the order of reference corrected by directing it to the referee chosen by the parties, unless they consent to the substitution of another in his stead.

Let this be certified to the court below.

Error.                                                    Reversed.