D. H. STEVENSON and H. SLINGHUFF v. THOS. FELTON et al.

*Appeal—Trial by Jury—Reference—Client and Attorney.*

1. Where the parties to an action have once waived a trial by jury and selected another mode of trial, neither can afterwards, as a matter of right, demand a jury trial; nor has the Court, against the will of either party, the discretion to set aside the agreement for a reference.

2. The consent to waive a jury trial may be made by counsel without special authority.

3. The refusal of the Judge to pass upon the report of a referee under a consent reference, as also his order, without consent of both parties, striking out the reference, is a ruling affecting a substantial right, and will be reviewed upon appeal.

CIVIL ACTION, tried before *Shipp, J.*, at February Term, 1888, of WILSON Superior Court.

In August, 1882, the plaintiffs were partners doing business in the City of Baltimore, and on the 23d of that month sold and delivered to the defendants Felton & Scarboro goods and merchandise to the amount of $518.05, which sum they promised to pay, but no part of which has been paid.

On the 21st of December, 1882, the defendants Felton & Scarboro made an assignment to the defendant Woodard of their entire stock of goods, &c., in trust to pay the debts of the firm, which are divided into two classes, the debt due to the plaintiffs being in the second or unpreferred class.

On the same day the defendant Felton conveyed to the defendant Woodard his entire real and personal estate to be held by him in trust for the wife of the said Felton, in the manner stated in the said deed, which is set out in the pleading.

The plaintiffs allege that the defendant Scarboro has no estate whatever, and that the deed executed by Felton to Woodard, trustee, &c., was made by him with the purpose

and intent " to put his said property beyond the reach of his creditors and enjoy the same for his own use and comfort," and they ask judgment for the amount due to them, &c., and among other things that the deed from Felton to Woodard, trustee, be declared fraudulent and void as to them, &c.

The defendants answer admitting the debt, and that it has not been paid, but denying the other allegations of the complaint, and averring the *bona fides* of the deed of trust and setting out in detail the consideration upon which it was made.

At Fall Term, 1886, the following order, signed by counsel for plaintiffs and defendants, was made:

"By consent of counsel this cause is referred to W. R. Allen to decide all issues therein under the Code."

At the Fall Term, 1887, the referee filed his report and the defendants filed a number of exceptions thereto, all of which appear in the record.

The plaintiffs' motion was that the report of the referee be confirmed. The Court expressed the opinion that the pleadings raised issues involving questions of fraud, and that the cause was improperly referred, and thereupon denied the motion, declined to pass upon the exceptions and rendered the following judgment:

"This cause coming on to be heard upon the report of the referee, and the Court being unwilling to proceed to judgment upon the report, denied a motion to confirm said report, and ordered and adjudged, upon motion of John E. Woodard, counsel for the defendants, that the order of reference heretofore made be stricken out, and that issues be formulated from the pleadings, to be submitted to a jury."

The plaintiffs excepted for that:

"1. The Court committed error in denying the motion to confirm the report.

"2. The Court committed error in declining to hear, pass upon and overrule the exceptions filed by the defendants.

"3. The Court committed error in striking out the consent reference heretofore made in this cause, and submitting the cause to a jury.

"4. The Court committed error in holding that there were any issues to be submitted to a jury, whereas it appeared by the report of the referee that the defendants demurred to the plaintiffs' evidence, and thereby no questions of fact were raised.

"5. The Court committed error in declining to hold that, upon the testimony, the plaintiffs were entitled to recover."

Exceptions overruled.   Plaintiffs appealed.

*Mr. F. A. Woodard,* for the plaintiffs.
No counsel for the defendants.

DAVIS, J., (after stating the case).   Section 420 of *The Code* provides that "all or any of the issues in the action, whether of fact or of law, or both, may be referred upon the written consent of the parties, except in actions to annul a marriage or for divorce and separation."

This action does not come within either of the exceptions. It was referred "by consent" in writing, signed by the counsel of plaintiffs and defendants, and there is nothing in the character of the action or of the issues involved to invalidate the reference.   We are not aware of any case in which a reference under *The Code* was held to be improper because questions of fraud might be involved.

Many such references have been made and questions of fraud passed upon by the referee without objection on that account, and notably the case of *Young* v. *Lathrop*, 67 N. C., 63, cited by counsel.

If objected that the reference was by the "written consent" of counsel and not of the parties, it is fully met by *Morris* v. *Grier*, 76 N. C., 410, and the cases there cited, in which it is said "it is believed to be the practice throughout the union

for suits to be referred by consent of counsel without special authority."

Parties litigant have the constitutional right (Art. IV, § 13 of the Constitution,) to waive trial of issues of fact by a jury, and when, by consent, they have waived a trial by jury and selected another mode of trial (and a reference by consent is such a waiver) neither party can afterwards demand a jury trial as a matter of right, nor has the Judge the power, at his discretion and against the will of either party, to set aside, or strike out, or discontinue an order of reference entered by the written consent of the parties. An order of reference once properly made by the written consent of the parties cannot be revoked or vacated at the instance of one. Either party has *a right* to have the order carried into effect and complied with by a full report of the referee, and further action by the Court can only be had upon such report. *Perry* v. *Tupper,* 77 N. C., 413; *Flemming* v. *Roberts,* 77 N. C., 415; *White* v. *Utley,* 86 N. C., 415; *McEachern* v. *Kerchner,* 90 N. C., 177; *Harris* v. *Shaffer,* 92 N. C., 30; and many similar cases.

The Court below erred in declining to hear and pass upon the exceptions filed to the report of the referee and in striking out the order of reference and directing that issues be formulated to be submitted to the jury.

The report of the referee and the exceptions thereto are not now properly before us. The appeal, though not from a final judgment, was from a ruling affecting the substantial rights of the parties, and is clearly within the principle laid down in *Grant* v. *Reese,* 82 N. C., 72.

There is error, and this must be certified to the end that the cause may be properly proceeded with below.

Error.