F. E. PATRICK v. THE RICHMOND AND DANVILLE RAILROAD COMPANY.

*Reference—When Order for may be vacated.*

1. The Court will not vacate an order of reference, made by consent, without the mutual assent of the parties thereto, unless a sufficient cause therefor is made to appear.

2. A reference was made to two arbitrators, with a provision in the order for the substitution of alternates in the event the original referees, or either of them, could not serve. One of them declined, and the alternate for him, vainly trying to secure a meeting with the other, also refused to serve : *Held,* to be good cause for the Court to vacate the order.

This is an APPEAL from a judgment of *Boykin, J.*, rendered at Spring Term, 1888, of the Superior Court of MECKLENBURG County, setting aside an order of reference to arbitrators, made at Spring Term, 1887.

The order of reference was as follows :

" In this case it is agreed between the parties that the whole matter in dispute, law and fact, be submitted to the J. H. Dillard and M. E. Carter, as arbitrators, and if they disagree they may select an umpire, or they may select an umpire in the first instance to sit with them and hear the evidence and argument, but only to act finally in case of disagreement of the arbitration—the award of the arbitrators, or a majority of them, to be final and a rule of Court. Arbitrators to sit and hear the case at Greensboro, N. C. If Judge Dillard declines the plaintiff selects R. H. Battle, and if Mr. Carter declines the defendant selects F. C. Robbins, as arbitrators."

Upon the hearing plaintiff showed that Judge Dillard and Mr. Carter had both consented to act as arbitrators, but that Judge Dillard afterwards declined to act, and so notified the parties. That thereupon, Mr. Battle was notified of his

appointment as alternate arbitrator and requested to act in the place and stead of Judge Dillard, which he consented to do. That Mr. Battle then for some months endeavored to arrange with Mr. Carter for a hearing, but failing to hear from Mr. Carter, he also declined to act further, and on the 6th day of February, 1888, so notified counsel for plaintiff, and requested them to make known to the Court his determination to decline to act as arbitrator.

There was no notice to the plaintiff, either from Mr. Carter or the defendant, that Mr. Carter had at any time declined to act, nor did he ever so decline.

Neither the plaintiff nor Mr. Battle ever communicated with Mr. Robbins, the alternate arbitrator selected by the defendant, with regard to the hearing of the case before him as such alternate, nor was Mr. Robbins ever requested by defendant to act as arbitrator.

On the 14th March, 1888, during the term at which the motion was made, Mr Carter notified defendant's counsel that he had " sometime since " written to Mr. Battle, agreeing to serve as one of the arbitrators, but had been informed by Mr. Battle that he, Battle, had declined to act further. He further stated that he, Carter, was still willing to serve.

Upon the foregoing facts his Honor Judge Boykin struck out the order of reference, and the defendant appealed.

The defendant stated as grounds of exceptions:

1. That the Court had no power to strike out the order of reference, it being a reference by consent, or to arbitrators.

2. That the facts did not warrant the exercise of such a power, if it existed.

*Messrs. A. M. Lewis* and *C. W. Tillett*, for the plaintiff.
*Messrs. D. Schenck* and *C. M. Busbee*, for the defendant.

DAVIS, J. (after stating the case.) Except in cases of compulsory reference, under § 421 of *The Code*, issues in an

action, whether of fact or of law, or both, can only be referred upon the written consent of the parties. *The Code,* § 420. The order of reference entered of record by consent of parties is a sufficient compliance with the statutory requirement in regard to the written consent. *White* v. *Utley,* 86 N. C., 415.

The settlement of controversies by reference has always been regarded with favor, and while under the old practice the consent of the parties was essential to the making of the order, except in matters of account in actions against executors, administrators, guardians and Sheriffs or other officers, or in Courts of Equity, yet when once made it could not be annulled by the act of the parties. It might be revoked by operation of law; as for instance, the death of one of the parties; and the Court might rescind it as a matter of course by the wish and consent of the parties; but the Courts would not set aside orders of reference when once made by consent at the instance of one party against the wish of the other, unless for good and sufficient reason shown. *Tyson* v. *Robinson,* 3 Ired., 333.

In *Perry* v. *Tupper,* 77 N. C, 413, it was held that the Court could not, after a reference by consent, "withdraw the trial of the controversy from the tribunal voluntarily selected by the parties without their mutual consent, except for good and sufficient cause assigned and made to appear to the Court." It was said in that case: "The death of the referee would terminate the reference, and for a sufficient cause the Judge may do it, but not otherwise."

The Court had the power to strike out the order of reference for good and sufficient cause. Did the facts in the case before us warrant the exercise of such power?

While the case on appeal does not state sufficiently the findings of fact upon which the order of reference was stricken out, it sufficiently appears that John H. Dillard and R. H. Battle successively declined to act, and we must con-

sider the facts as thus found. The Court has no power to compel the referee to act, and "as the consent extends not only to the terms of the reference, but to the person of the referee," (*White* v. *Utley, supra*) it has no power, without consent, to substitute other referees.

This being so, if the Court had no power to set aside the order of reference, a trial might be defeated entirely, and we think the facts warranted his Honor in setting aside the order of reference.

Affirmed.