The cause had been referred to Hon. John H. Dillard. Defendant filed exception to his report, and moved to submit certain issues to a jury. It appearing that defendant had made no objection to reference, had acted on it, and prayed for it in his answer, the court denied the motion. Defendant excepted.
The court overruled each exception, adopted the findings of fact and law of the referee, and confirmed the report, and rendered the final judgment. Appeal by defendant.
The Constitution, Art. IV, sec. 13, provides: "In all issues of fact, joined in any court, the parties may waive the right to have the same determined by a jury, in which case the finding (310) of the judge upon the facts shall have the force and effect of a verdict by a jury."
The defendant in his answer prayed for a reference, and when it was ordered, made no objection or exception. This was clearly a waiver of his right to a trial of the issues by a jury. Armfield v. Brown, 70 N.C. 27;White v. Utley, 86 N.C. 415; Grant v. Hughes, 96 N.C. 177.
"The motion (for a reference) was not opposed, that is, was assented to. The reference was, therefore, by consent, and is the mode of trial selected by the parties, and is a waiver of the right of trial by jury. After a reference is so made neither party, as a matter of right, is entitled to a jury." Atkinson v. Whitehead, 77 N.C. 418. Being in legal *Page 237 
effect a reference, by consent, the court committed no error in refusing to submit the issues of fact to a jury.
The judge below overruled the exceptions filed to the findings of fact by the referee, and adopted such findings as his own. The ruling of the judge, upon the findings of fact by a referee, is not reviewable. Cons., Art. IV., sec. 13, above cited. Keener v. Finger, 70 N.C. 35; McPeters v.Ray, 85 N.C. 462; Vaughan v. Lewellyn, 94 N.C. 472; Rhyne v. Love,98 N.C. 486.
The defendant files an exception to the ruling of law in admitting parol testimony as to part of the contract. The referee found as a fact, and his finding was approved by the judge, that the contract was partly in writing and partly oral. The testimony was properly admitted, therefore, to prove the oral part of the agreement between the parties. Terry v. R. R.,91 N.C. 236; Cumming v. Barber, 99 N.C. 332. The defendant, also, excepted to the following ruling as to the law by the referee:
"The defendant having accepted and gone into the use of the second twenty-stamp mill, and yet using the same, the defendant, as a matter of law, could not recoup or deduct from the contract price (311) of $8,000, except for the difference in value of the mill with the cam shafts too short, and battery foundation of defective timber, and the sum stipulated in the contract; whereas, he should have found that, . . . if plaintiff be entitled to recover at all, he would be entitled to recover the contract price, less the cost of remedying the defective cam shaft and battery foundation, and the other defects in said mill."
A sufficient answer to this is the following finding of fact by the referee:
"No proof being furnished by which to estimate the difference in value in the respects mentioned in the last ruling above, no deduction can be allowed defendant for said alleged defects."
It can make no difference to the defendant whether the rule of law laid down by the referee, or that insisted on by himself, is correct. There being no evidence to prove the deduction or recoupment which defendant seeks, the rule by which it should have been measured, had it been proven, became a mere abstraction.
The distinguished jurist who acted as referee in the cause, showed his usual care and accuracy in the performance of his duty, and we find no error.
Affirmed.
Cited: Smith v. Hicks, 108 N.C. 251; Colgate v. Latta, 115 N.C. 138;Taylor v. Hunt, 118 N.C. 171; Sams v. Price, 119 N.C. 573; Bresee v.Crumpton, 121 N.C. 124; Jones v. Rhea, 122 N.C. 725; Balk *Page 238 v. Harris, 132 N.C. 16; Ivey v. Cotton Mills, 143 N.C. 194; Bruce v.Mining Co., 147 N.C. 644; Stern v. Benbow, 151 N.C. 462; Audit Co. v.Taylor, 152 N.C. 274; Kernodle v. Williams, 153 N.C. 476; Rogers v.Lumber Co., 154 N.C. 112; Anderson v. Corporation, 155 N.C. 134; Yorkv. McCall, 160 N.C. 283; Palmer v. Lowder, 167 N.C. 335; Bland v.Harvester Co., 169 N.C. 420; Spencer v. Bynum, ib., 123; Farrington v.McNeill, 174 N.C. 422.
(312)