The action involved the taking of an account. At May Term of the Superior Court of 1889 the court entered this order of reference, neither party objecting:
"This case coming on to be heard, it is considered and adjudged by the court that this cause be referred to Neill W. Ray, Esq., under The Code, to determine all issues of law and fact, and make report to this court."
At a subsequent term the referee filed his report, whereby it appears that he found from the evidence the amount of the debt due from the plaintiff to the defendant, and the mortgage of property to secure the same, etc. At the same term the plaintiff filed an exception to the report of the referee, as follows: "For that the referee finds that the note and mortgage from plaintiff to defendant were not satisfied by the *Page 177 
sale and delivery of the still and fixtures by the defendant to W. B. Owen, whereas he ought to have found that the said note and mortgage were satisfied by said sale and delivery." To which finding the plaintiff excepts and asks that an issue may be submitted to the jury to determine whether the sale and delivery of the still and fixtures by the defendant to W. B. Owen were in satisfaction of the note and mortgage from plaintiff to defendant.
At a subsequent term the defendant moved to confirm the report, and the plaintiff insisted upon his exception and the submission of his suggested issue to a jury. The court thereupon entered this order:
"This cause being heard, on motion to confirm the report, the plaintiff insists that the reference is compulsory, and the court, upon hearing the order, is of opinion that the reference is under The (250) Code, and not a consent reference." So announced, and the defendant excepted.
At a subsequent term the court submitted to the jury this issue: "Was the debt and mortgage satisfied by a sale of the still to Owen?" To this defendant objected and excepted. The jury responded to the issue, "Yes."
Much evidence was produced on the trial, and there were divers exceptions, both to evidence and to instructions given to the jury, and others upon the ground that the court refused to give special instructions asked for by him, but these need not be reported, except the following:
1. That the court did not confirm the report and findings of the referee and render judgment accordingly in favor of the defendant.
2. That the court submitted an issue to the jury after an issue agreed upon by the plaintiff and defendant had been passed upon by the referee and decided in favor of the defendant.
3. That the court decided that the reference was not a consent reference.
4. That the issue submitted to the jury was based upon plaintiff's exception to the report of the referee, and was calculated to mislead; and instead thereof, the issue, if any, should have been the same as passed upon by the referee.
Upon the verdict of the jury the court sustained the exception to the report of the referee, and required that the same be made to conform to the verdict. The court itself did not review the findings of fact by the referee, but founded its action simply upon the verdict of the jury.
There was a judgment for the plaintiff, and the defendant appealed.
The defendant's counsel insisted, on the argument here, that the reference was made by the court with the consent of the parties, and, therefore, the court itself should have reviewed the findings of fact by the referee and approved, modified, or reversed the same, and should not have submitted the issue of fact to the jury. We are of that opinion, and, therefore, the first exception must be sustained.
The nature of the action was such as to require an account to be taken. To that end, the court made the order of reference in the presence of the parties and their counsel. In the absence of objection, the reasonable and just implication and inference was that they assented to and sanctioned it. That they did, and that such a reference is made by consent, is clearly settled by numerous decisions of this Court. Moreover, such consent is in effect a waiver of the right to a trial by jury. The parties thus consented that the referee might find the facts, subject to the right and duty of the court in a proper case to supervise such findings. Armfield v. Brown,70 N.C. 27; Atkinson v. Whitehead, 77 N.C. 418;White v. Utley, 86 N.C. 415; Grant v. Hughes,96 N.C. 177; Nissen v. Mining Co., 104 N.C. 309;Morrisey v. Swinson, ib., 555; Battle v. Mayo, 102 N.C. 434, and there are other like cases.
The defendant objected to submitting the issue of fact to the jury. The court ought not to have compelled him to submit to the trial by jury, because, as the parties assented to the reference, the order in that respect would not ordinarily be stricken out or materially modified without the consent of both parties. Perry v. Tupper, 77 N.C. 413; Fleming v.Roberts, ib., 415; White v. Utley, supra; Patrick v. R. R., 101 N.C. 602;Morrisey v. Swinson, supra.
The plaintiff's counsel insisted, on the argument, that if the plaintiff was not entitled to a trial by jury (as he insisted he was) because of the reference, still the court might submit the issue of fact to the (252) jury with a view to aid itself in the exercise of its supervising control over the findings of fact by the referee. If it be granted that in some cases the court might, for such purposes, submit issues of fact to a jury, it did not, nor did it purport to do so in this case. It proceeded erroneously on the ground that the reference was compulsory, and, therefore, the plaintiff was entitled to a trial by jury; it hence framed what it deemed an appropriate issue, submitted the same to a jury, and upon their verdict founded its judgment, without itself reviewing the findings of fact by the referee in any respect or at all. The prime error of the court consisted in treating the order of reference as compulsory. It should have held that it was assented to by the parties, and proceeded to review the findings of fact by the referee and sustained or overruled, in whole or in part, the exception, and given judgment accordingly.
Error. *Page 179 
 Cited: Blalock v. Mfg. Co., 110 N.C. 107; Deaver v. Jones, 114 N.C. 652;Driller Co. v. Worth, 117 N.C. 518; Kerr v. Hicks, 129 N.C. 144;Baggett v. Wilson, 152 N.C. 182; Lance v. Russell, 157 N.C. 453.