DEAVER v. JONES.

R. M. DEAVER v. HARVEY JONES.

*Action to Recover Land—Practice—Consent Judgment Cannot be Vacated Except by Consent—Deeds—Description—Insufficient Description.*

1. An order or judgment made by consent cannot be vacated or modified, even at the term at which it is entered, without the consent or acquiescence of all parties to the action, unless it appear affirmatively that its rendition was procured by the mutual mistake of all the parties or by fraud; therefore,

Deaver v. Jones.

2. Where, in the trial of an action, the verdict of a jury was set aside by consent, it was error to re-instate the verdict despite the objection of one of the parties, it not appearing affirmatively that the first order was procured by fraud.

3. A deed showing nothing on its face which either absolutely locates or points to any extrinsic evidence from which the beginning or any one of five succeeding corners can be ascertained is void for insufficiency of description.

ACTION for the recovery of land, tried before *Armfield, J.,* and a jury, at August Term, 1893, of BUNCOMBE Superior Court.

Upon the return of a verdict by the jury the plaintiff proposed to the defendant that the verdict should be set aside by consent of the parties, and the Court, upon such consent, made an order setting the verdict aside and granting a new trial.

On the day following the plaintiff moved the Court to set aside the order setting aside the verdict, and for judgment according to the verdict.

The defendant resisted the motion, but the Court made an order re-instating the verdict, and defendant excepted and appealed.

*Mr. J. H. Merrimon,* for plaintiff.
*Mr. Charles A. Moore,* for defendant (appellant).

AVERY, J.: Where an order or judgment is made by consent it cannot be vacated or modified even at the term at which it is entered without the assent or acquiescence of all the parties to the action.  Whether interlocutory or final such judgments are irrevocable, except with concurrence of all whose consent was requisite in the first instance, unless it appear affirmatively that their rendition has been procured by the mutual mistake of both or all the parties, or by the fraudulent practices of one or more of them.  As

a rule all judgments are *in fieri* during the term at which they are rendered, and it is in the breast of the Judge to abrogate or alter on his own motion, or at the suggestion of counsel, judgments by consent constituting the exception. 1 Black on Judgments, sections 305, 308, 319. In reference to an interlocutory judgment, so entered, Justice MERRIMON said in *McEachern* v. *Kerchner*, 90 N. C., 179 : "The Court could correct its own errors, but it could not add to, modify or correct the agreement." Where such judgment is final it can be set aside only by civil action on the ground of mistake of both parties or for fraud—not on motion in the cause. *Stump* v. *Long*, 84 N. C., 616 ; *Vaughan* v. *Gooch*, 92 N. C., 524 ; *Kerchner* v. *McEachern*, 93 N. C., 447 ; *Fowler* v. *Poor*, 93 N. C., 466 ; *Mock* v. *Coggin*, 101 N. C., 366 ; *Smith* v. *Fort*, 105 N. C., 446.

The idea of impeaching an order or a judgment for fraud, during the term or subsequently, involves necessarily the affirmative allegation of the existence of the fraud. The general rule of pleading is that fraud must be alleged and proved when it is relied upon as a ground for impeaching a decree or even a deed, unless it be fraud in the *factum*. When, therefore, it is admitted that the verdict of the jury was not only set aside by order of the Court with the consent of both parties, but that the suggestion of granting a new trial was first made by the plaintiff, we cannot assume, upon the maxim *omnia presumuntur rite acta*, that when the Judge subsequently entered another order re-instating the verdict, despite the objection of the defendant, he acted upon testimony showing that the making of the order vacated was procured by fraud. A party to an action acquires a right to the benefits to be derived from a consent order, and cannot be deprived of such advantage against his own will, unless one of the essential prerequisites to the exercise of the power to annul it (fraud or mutual mistake) is made to

appear affirmatively. Freeman on Judgments, section 111*a*. We can no more proceed on the assumption that the Court acted upon testimony sufficient to warrant what was done than we could take it for granted, where nothing more appeared than that a consent order of reference had been stricken out on motion of one party and in the face of the objection of the other, that the Court would not have revoked such an order without evidence sufficient to warrant its action. Nothing is more clearly settled than that sufficient cause must be made to appear affirmatively for vacating such orders of reference without the assent of all of the parties (*Smith* v. *Hicks*, 108 N. C., 248), and that they affect substantial rights, so as to subject them to review on appeal. *Stevenson* v. *Felton*, 99 N. C., 58. Upon the same principle evidence *aliunde* may be adduced to attack the award of arbitrators for fraud, but it is never assumed that there was such testimony unless it so explicitly stated. We think that the Judge erred in re-instating the verdict without the defendant's consent. Whether, in the absence of evidence of fraud, a Judge has the power to restore to vitality any verdict that has been set aside either by consent or at the instance of one only of the parties, is a question that it is not necessary to discuss.

As the cause will again stand for trial we deem it proper to indicate to the parties our view of the other question which must necessarily arise again, and upon which the decision of the main issue in a large measure depends,

We think that the deed from Russell Jones to J. Harvey Jones, dated February 9, 1883, was void for uncertainty in the description. The first five corners are stakes, with no calls for pointers that fix their location or make them anything else than imaginary points. The sixth, Tate's corner, as we must, in passing upon the sufficiency of the description without the proof *aliunde* that was actually offered,

assume, could have been located. From that point the surveyor might have run north with Tate's line fifty poles and located the black oak corner. By running from the next corner, a stake, forty-three poles east of it and in Burgin Jones' line, might have been found at the intersection with that line, or, if it could not be found at the end of the distance, the last call, which is "south to the beginning," could not be located by running indefinitely in that direction, but only by reversing the calls from Tate's corner, in order, if possible, to ascertain where the beginning was. The difficulty in so locating the beginning becomes manifestly insuperable when we attempt to reverse three lines and run to imaginary points without a given distance to fix their location. There is nothing, therefore, upon the face of the deed which either absolutely locates or points to any extrinsic evidence from which we could ascertain the location of the beginning or any one of the five succeeding corners. The last order made by the Court, which vacated the former order granting a new trial, is reversed, leaving the consent order, setting aside the verdict, in full force.

Reversed.