GULF LUMBER COMPANY, A CORPORATION, PLAINTIFF IN ERROR, v. P. WALSH, AND M. G. WEIDNER, TRADING AS WALSH & WEIDNER, DEFENDANTS IN ERROR.

1. Where a demurrer is interposed to a declaration as a whole and there are proper common counts the demurrer should be overruled even if a spcial count in the declaration is defective.

2. Where upon agreement of counsel an order is made by the Circuit Court referring a cause to a practicing attorney for trial as referee and the parties appear before such referee and take testimony in a county other than the one in which the cause is pending, one of such parties can not afterwards be heard to complain that the reference was not made with his consent, or that the referee was without authority to hear and determine the cause in the county where the testimony was taken.

This case was decided by Division A.

Writ of Error to the Circuit Court for Citrus County.

The facts in the case are stated in the opinion of the Court.

*H. L. Anderson*, for Plaintiff in Error.

*W. W. Hampton*, for Defendants in Error.

WHITFIELD, J. The defendants in error brought suit against the plaintiff in error in the Circuit Court for Citrus county by filing a declaration containing a special count and two common counts. The special count alleges a contract not under seal between the parties, and the breach thereof. The common counts are for the price and value of materials furnished and labor done and performed and for an account stated. A demurrer to the declaration was overruled. Issue was joined on several pleas and the cause was referred to a referee for trial under agreement and order as follows: "We, counsel for the plaintiffs and defendant, respectively do herein and hereby consult and agree that this cause may be referred to Richard McConathy, Esq., a practicing attorney at the bar at Ocala, Florida, with power and authority to hear, try, determine and fully adjudicate same as a referee under the constitution and laws of the State of Florida and the rules of practice in such cases made and provided, and that an order be made pursuant hereto by the court, at Inverness, Fla., Nov. 4, A. D. 1903. W. W. Hampton, Attorney for Plffs. T. P. Lloyd, Defts. Atty.

### ORDER OF REFERENCE TO REFEREE.

This cause came on to be heard, and pursuant to the above written agreement of the attorneys offered for the parties to this suit, upon a consideration hereof, it is or-

dered and adjudged that the above styled suit be and the same is herein and hereby referred to Richard McConathy, Esquire, a practicing attorney at the bar at Ocala, Florida, as a referee under the constitution and laws of Florida, with power and authority to hear, try, determine and adjudicate said cause under the rules of practice in such cases made and provided, and that the clerk of this court do transmit the original files to said referee as provided by law.   Done and ordered in open court on this 4th day of November, A. D. 1903.   W. S. Bullock, Judge."

Under the first assignment of error it is contended that the demurrer to the declaration should have been sustained because the special count is defective.   The demurrer was to the declaration as a whole, and even if the special count is defective there are common counts in the declaration and the demurrer was properly overruled. McKay v. Friebele, 8 Fla. 21; Barbee v. Jacksonville and Alligator Plank Road Co., 6 Fla. 262; Jacksonville, T. & K. W. Ry. Co. v. Griffin, 33 Fla. 602, 15 South. Rep. 336; 6 Ency. Pl. & Pr., 301.

Under an assignment of error that the referee erred in entering a final judgment it is urged "that the referee was without authority to hear and determine the case at all; that the action should have been tried in the county in which the venue is laid."   The order of reference was made on an agreement "that this cause may be referred to Richard McConathy, Esq., a practicing attorney at the bar at Ocala, Florida, with power and authority to hear, try, determine and fully adjudicate same as a referee," and the parties appeared before the referee at Ocala, Florida, and took testimony.   The judgment was rendered by the referee and at the place named in the agreement and order of reference.

12 S C

Where upon agreement of counsel an order is made by the Circuit Court referring a cause to a practicing attorney for trial as referee and the parties appear before such referee and take testimony in a county other than the one in which the cause is pending, one of such parties can not afterwards be heard to complain that the reference was not made with his consent, or that the referee was without authority to hear and determine the cause in the county where the testimony was taken. See Morris v. Grier, 76 N. C. 410; Stevenson v. Felton, 99 N. C. 58, 5 S. E. Rep. 399; 20 Ency. Pl. & Pr., 628. The judgment is in accordance with the findings of the referee. This disposes of all the points argued.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.