F. A. LANCE v. J. N. RUSSELL.

(Filed 20 December, 1911.)

1. Pleadings—Allegations—Cause of Action—Interpretation—Trusts and Trustees—Lands—Accounting—Possession.

In an action for damages arising from a breach of trust of defendant in conveying at an inadequate price certain lands conveyed by the plaintiff to him, by deed absolute upon its face, but, in accordance with a contemporaneous unregistered agreement, to be held in trust by the defendant and sold at a fair price to pay a debt the plaintiff owed him, and the surplus to the defendant: *Held*, an allegation by plaintiff in his complaint, in substance, that he was resisting an action for possession by defendant's vendee, not sufficient to justify a dismissal of the action.

2. Reference Set Aside—Discretion—Appeal and Error.

The setting aside an order of reference by the trial judge upon the exercise of a lawful discretion is not reviewable on appeal.

3. Same—Consent Reference—Consent of Parties—Power of Courts —Jurisdiction.

Neither party to a consent reference can withdraw therefrom, and it cannot be set aside except by mutual consent, or by the court, retaining jurisdiction, for good cause shown.

4. Reference—Set Aside—"Good Cause Shown"—Appeal and Error.

The judge, by finding as a fact that one who was a necessary party to be bound had not consented to the reference, and that the objecting party had therein been misled, establishes a "good cause shown," and his action in setting aside the former order and report of the referee thereon is not error.

APPEAL from *Lane, J.,* at July Term, 1911, of BUNCOMBE.

This action was commenced on 16 November, 1903, and the complaint is as follows:

"1. That on 1 April, 1902, the plaintiff executed to the defendant a certain deed conveying to the said J. N. Russell a certain tract of land containing about 325 acres, situate in Limestone Township, Buncombe County, North Carolina, bounded on one side by the French Broad River, the same being fully described in the deed aforesaid, which is duly registered on page 507 of Book No. 123 in the office of Register of Deeds of Buncombe County.

"2. That the said deed was intended by the plaintiff and by the defendant to operate only as a deed in trust, and was accepted by the said defendant as such, and the plaintiff alleges that such was the only effect thereof.

"3. That the trusts upon which the said defendant accepted said conveyance were set out in an instrument of writing executed by the said J. N. Russell simultaneously with the execution of said deed in trust; that the original of said paper-writing was left with J. McD. Whitson, now deceased, who was plaintiff's attorney in that transaction, and plaintiff has diligently searched for said instrument among the papers of the said J. McD. Whitson in the hands of his administrator and elsewhere, and has been unable to find said paper, and therefore plaintiff is unable to attach a copy thereof to his complaint; but as plaintiff is informed and believes, the defendant has a copy of the same.

"4. That at the time of execution of said deed in trust plaintiff was indebted to defendant in the sum of about $800 or $900, the exact amount being undetermined at that time, and the plaintiff, being desirous of securing to the defendant the payment of said indebtedness, executed the said deed in trust, with the agreement that the said defendant should sell said land at a fair valuation and from the proceeds of such sale pay off plaintiff's indebtedness to the defendant, and pay any overplus to the plaintiff, it being expressly understood and agreed between plaintiff and defendant that defendant should not sell said land for less than its real value, nor without the consent and approval of the plaintiff as to the price.

"5. That afterwards, to wit, on 17 June, 1903, the defendant undertook to convey and did execute what purported to be a deed conveying to one H. T. Brown, at the price of $3,500, the said land.

"6. That according to plaintiff's best knowledge and belief, and he so avers the fact to be, the said land is worth the sum of $16,250, and the sum of $3,500 was a grossly inadequate price for said land, as the defendant then and there well knew.

"7. That said alleged sale by the said defendant to the said H. T. Brown was made against the protest of the plaintiff.

"8. That the defendant by said alleged sale of said land grossly abused his trust, and thereby damaged the plaintiff to the extent of $12,750.

"9. That the said H. T. Brown has instituted suit in the Superior Court of Buncombe County against J. W. Ducker, plaintiff's tenant, for the possession of said land, claiming to own the same in fee simple by virtue of said alleged deed executed by the defendant as aforesaid.

"10. That the defendant, J. N. Russell, has not accounted to the plaintiff for the proceeds of said alleged sale of said land or paid plaintiff anything on the account of such alleged sale.

"Wherefore plaintiff prays the court that the defendant be required to account to the plaintiff for the full value of said land, and pay to the plaintiff the sum of $16,250 damage, caused by the abuse of his trust as hereinbefore alleged; for the costs of the action, and for such other and further relief as the nature and circumstances of the case will allow, or to the court may seem meet."

An answer was filed by the defendant, and at September Term, 1907, the following entry appears on the minute docket: "By mutual agreement, this case is referred to Gallatin Roberts, to take and state an account between the various parties."

The referee filed his report at May Term, 1909, to which the plaintiff excepted, and at July Term, 1911, the judge presiding made the following order, setting aside the report and the order of reference:

"This cause coming on to be heard upon the motion of F. A. Lance, plaintiff, to set aside the order of reference heretofore made in said cause, and upon the motion of John N. Russell, the defendant therein, to confirm the report of Gallatin Roberts, referee, heretofore appointed in said cause, the court finds the following facts:

"1. That the said report was made in pursuance of the following agreement:

" 'The defendant, J. N. Russell, comes into court at this stage of the trial and agrees that the suit of H. T. Brown against J. H. Ducker, and the suit of F. A. Lance against J. N. Russell, may be consolidated for the purpose of this consent decree, which proposition is as follows:

" 'That a decree may be entered in the case so consolidated, directing H. T. Brown to convey in fee simple to the plaintiff, F. A. Lance, the land in controversy in the action between H. T. Brown and J. W. Ducker, according to the metes and bounds described in the deed made from F. A. Lance to J. N. Russell, as set forth in the complaint, and that F. A. Lance shall pay off and discharge all of the indebtedness included in the trust agreement marked "Exhibit A," as provided for in that instrument, according to the terms and tenor thereof, together with interest lawfully incident to the said indebtedness, and that a referee be appointed by this Court, under a consent decree, to state an account between the plaintiff, F. A. Lance, and the defendant J. N. Russell and H. T. Brown, and to ascertain what, if anything, is due and owing to the plaintiff, F. A. Lance, by reason of the rents and profits for which the defendant J. N. Russell or H. T. Brown, or either of them, by reason of any possession or occupation had and exercised by either J. N. Russell or H. T. Brown, or their tenants, over the land, or any part of the same, in controversy, and for the purpose of such accounting the defendant J. N. Russell and H. T. Brown, or both of them, shall be held accountable for the fair and reasonable rental value of the land in controversy, which the referee may determine the said J. N. Russell and H. T. Brown, or their tenants, to have been in the actual possession of.

" 'That it shall be decreed that this conveyance shall be made by H. T. Brown to F. A. Lance of any and all amounts of money payable by him under the terms of this agreement. That each side shall pay their own costs, and the court costs shall be divided equally between J. N. Russell and F. A. Lance, and that Gallatin Roberts, Esq., be appointed referee to state the account between F. A. Lance and J. N. Russell, and that the said referee shall report within......days from date. That the plaintiff, F. A. Lance, shall have ninety days from the time of the filing of his report by the referee in which to pay off the indebtedness upon the land in controversy.'

"2. That the said Hugh T. Brown mentioned in said order did not consent to said order, and did not in any way become a party to said reference, and is not bound by any of the find-

ings of said referee; that the plaintiff, F. A. Lance, entered into said agreement to refer with the full understanding that the said Hugh T. Brown was a party to such reference, and would not have entered into such agreement but for such understanding; that the said Lance believed, and had reason to believe, that said Brown was a party to such reference; that the said reference without such Brown being a party thereto was prejudicial to the rights of the plaintiff, F. A. Lance; and that the plaintiff should not be and is not bound by such reference or by the findings of the referee.

"3. The court further finds as a fact, it being admitted by the parties, that after the filing of the report of Gallatin Roberts, the said referee, that the said Hugh T. Brown tendered a fee-simple deed to the said land to F. A. Lance, which offer has been continued:

"It is, therefore, upon motion of counsel for the plaintiff, considered, ordered, and adjudged that the said report be not confirmed; that the said order of reference be set aside, and that the said cause stand for trial in its order on the civil-issue docket of the Superior Court of Buncombe County."

The defendant excepted to this order, and appealed.

H. T. Brown has not been made a party to this action.

The defendant also moves in this Court to dismiss the action for that the complaint does not state facts sufficient to constitute a cause of action.

*Locke Craig and H. B. Carter for plaintiff.*
*W. W. Jones and Charles E. Jones for defendant.*

ALLEN, J. The motion to dismiss the action upon the ground that the complaint is insufficient is based upon the allegations contained in the ninth paragraph of the complaint, the defendant contending that it is there in substance alleged that the plaintiff is resisting a recovery of possession of the land, conveyed by the defendant to H. T. Brown, and if so, that he is not entitled to an account of the purchase money.

The allegations of the complaint do not, however, go as far as the defendant insists. It is not alleged that the plaintiff is a party to the action instituted against Ducker, or that there

has been any refusal to surrender possession, or that any defense has been entered in the action. But if these allegations were present, we think a fair construction of the complaint is that the plaintiff, being indebted to the defendant in the sum of $800 or $900, conveyed to him the land in controversy, and that there was a contemporaneous agreement, which was not registered, that the defendant should sell the land, subject to the approval of the plaintiff, and out of the proceeds of sale pay off the debt to the defendant, and pay any surplus to the plaintiff; that the defendant violated his agreement and sold the land to H. T. Brown, without the approval of the plaintiff, for much less than its real value; that the said Brown has instituted an action against the tenant of the plaintiff to recover possession of the land, and that the defendant has refused to account to the plaintiff for the value of the land or for the proceeds of the sale to Brown.

Under these allegations, Brown acquired title to the land, and the only redress for the plaintiff is against the defendant in this action.

The case rests largely on the principles declared in *Sprinkle v. Wellborn,* 140 N. C., 178, and, in our opinion, a cause of action is stated in the complaint.

The remaining question is as to the power of the judge to set aside the order of reference and the report of the referee.

If it was within his discretion, we have no right to interfere with its lawful exercise.

The authorities seem to be uniform that neither party can withdraw from a consent reference, and that it cannot be set aside except by mutual consent, but that the court retains jurisdiction and may, for good cause shown, set aside the order of reference as well as the report. *Bushee v. Surles,* 79 N. C., 53; *Patrick v. R. R.,* 101 N. C., 604; *Smith v. Hicks,* 108 N. C., 251; *Cummings v. Swepson,* 124 N. C., 584; *Brockett v. Gilliam,* 125 N. C., 382.

The judge, in effect, finds as a fact that the plaintiff was misled, and that he consented to the reference because it was represented that H. T. Brown was a party to the agreement and would be bound by it, when in fact no one had authority to represent him, which is, we think, "good cause shown."

In *Kerr v. Hicks,* 131 N. C., 90, a consent order of reference was modified and made compulsory upon a finding by the court that one of the parties excepted at the time the order was made, and if this can be done, there is no reason for denying the power to set aside the order altogether, if one party is misled by the other, and thereby induced to agree to the reference.

We find no error.

Affirmed.