R. L. COBURN AND WIFE, MARTHA H. COBURN, v. ROANOKE LAND AND TIMBER CORPORATION, COASTAL LUMBER COMPANY, L. B. BLACKMAN, B. H. OATES AND WIFE, RUTH OATES, J. W. WELLS AND WIFE, RUTH WELLS, K. P. LINDSLEY AND WIFE, MURCELL P. LINDSLEY, L. P. LINDSLEY AND WIFE, MARGUERITE G. LINDSLEY.

(Filed 23 May 1962.)

**1. Courts § 9; Reference § 1—**

After a reference has been ordered by one Superior Court Judge another Superior Court Judge has no power to revoke the order of reference and place the case on the civil issue docket except for good cause shown relating to the validity and regularity of the proceeding or some subsequent change of circumstances affecting the status of the case.

**2. Reference § 5—**

A referee who willfully fails to discharge his duties or intentionally disregards the order of reference may be removed by the trial judge, but the court should remove a referee only for good and substantial reasons upon motion supported by proper and specific allegations and proof.

**3. Same—**

A party who proceeds with the reference after the day fixed for the final report may not assert the failure of the referee to file his report within the time fixed as ground for removal.

**4. Reference § 8—**

G.S. 1-194 and G.S. 1-195 must be construed *in pari materia*, and the

COBURN v. TIMBER CORP.

trial court does not have the power to set aside the report of the referee *ex mero motu* prior to the expiration of the time for filing exceptions thereto, since the power of the court to amend, modify, set aside, make additional findings and confirm, in whole or in part, the report of a referee, may be exercised only in passing upon exceptions to the report.

**5. Same—**

An order setting aside the report of the referee does not set aside the order of reference.

**6. Reference § 11—**

Where compulsory reference is ordered in a case coming within the purview of G.S. 1-189(3) and the parties reserve their right to jury trial, it is the duty of the court to formulate the ultimate issues of fact to be determined by the jury.

**7. Reference § 2—**

Where the parties agree to a reference, the consent continues until the order is complied with by a full report, and the judge cannot revoke the order without consent of both parties.

**8. Reference § 7—**

Where an appeal is taken from an order which erroneously revokes a prior order of reference, the Superior Court is without jurisdiction pending the appeal, and the parties have the right to file exceptions to the referee's report within thirty days from the date the opinion of the Supreme Court reversing the order of revocation is certified to the Superior Court.

APPEAL by seven of eleven defendants from *Parker, J.,* November 1961 Term of MARTIN.

This case involves a boundary dispute.

Plaintiffs instituted the action on August 20, 1957 to restrain the defendants, Roanoke Land and Timber Corporation, Coastal Lumber Company and F. B. Blackman from cutting timber on the 675-acre tract of land described in the complaint which they allege they own. Plaintiffs also seek to recover double damages for timber cut from 69 acres on the eastern side of the tract. The preliminary restraining order was continued until the final hearing. The original defendants denied the plaintiffs' title and claimed the right to cut the timber as ultimate grantee under warranty deeds in a chain of title from the other defendants who, upon their motion and without objection, were made additional parties defendant.

On November 14, 1958 the Court appointed a surveyor to make a survey and file a map showing the contentions of the parties.

At the January 1959 Term "upon motion of the defendants or a part of the defendants" Bundy, J. found that the case "involved a boundary line and should be referred." He referred the matter to Hon-

orable J. Bryan Grimes who was directed to report by May 15, 1959. All the parties excepted to the order of reference and demanded a jury trial.

The report of the referee recites that "pursuant to said order of compulsory reference" this matter came to be heard before the referee on July 11th and 12th, 1960, and on July 19, 1960, the referee viewed the premises with counsel.

At the August 1961 Term the plaintiff moved to strike the order of reference and to be allowed to amend the description of the land desscribed in the complaint to make it conform to the description in the Court map. No ruling on the motion to amend appears in the record. The referee was ordered to file his report on or before October 15, 1960, and the order recites that plaintiff and defendants agreed "to file with the referee what they consider to be the proper findings of fact and conclusions of law." A term of Court convened on November 20, 1961 and, apparently in anticipation of the report, the case was placed on the Motion Calendar for November 27th. On November 22nd the referee filed his report which contained findings of fact and conclusions of law adverse to the plaintiffs.

Without having filed exceptions as provided by G.S. 1-195, the plaintiffs on November 27th made an oral motion that the Court examine and review the referee's report for the purpose of considering a motion to be made later in the term to set it aside. The record is silent as to the grounds for the motion. The judge allowed this motion. On November 30th, he heard argument of counsel on the plaintiffs' motion to set the report aside, but what reasons counsel advanced the record does not show. Purporting to act "in the exercise of discretion" on December 2, 1961, the judge entered an order setting the report aside and returning the cause to the Civil Issue Docket — presumably for a trial by jury as if no reference had been had. The order finds no facts except that "this matter was involved and considerably confused" and that the referee "took considerable time studying the same to arrive at what he thought was a proper decision in the matter."

At the time this order was entered no exceptions had been filed to the referee's report, and the time for filing exceptions had not expired.

To the order of the judge setting aside the referee's report and returning the case to the Civil Issue Docket, seven of the defendants excepted and appealed.

*Clarence W. Griffin & R. L. Coburn for plaintiff appellee.*

*Peel & Peel; Bourne & Bourne for defendants Roanoke Land and Timber Corporation, Coastal Lumber Company and L. B. Blackman, appellants.*

*Pritchett & Cooke for defendants B. H. Oates and wife, Ruth Oates, J. W. Wells and wife, Ruth Wells, appellants.*

SHARP, J. May one Superior Court Judge, before any exceptions have been filed and before the time for filing exceptions has expired, without finding any facts or assigning any reasons, set aside the report of a referee and revoke the order of reference entered by another Superior Court Judge? The answer is No.

This was a compulsory reference, but whether the reference be compulsory or by consent, after the parties have presented their evidence to the referee and he has filed his report, the trial judge has no authority to set it aside before any exceptions have been filed and before the time for filing same has expired except for good cause shown.

If the motion to set aside the report of the referee is based on extrinsic matters not appearing in the report, such as misconduct on the part of the referee or a failure to perform his duty, it should be supported by proper and specific allegations and proof. 76 C.J.S., References, Section 179.

If any referee should willfully fail to discharge his duties, intentionally disregard the order of reference, or otherwise fail to perform his duties, the trial judge has the power to remove him. *Trust Co. v. Jenkins,* 196 N.C. 428, 146 S.E. 68; *Mills v. Realty Co.,* 196 N.C. 223, 145 S.E. 26; *Keith v. Silvia,* 233 N.C. 328, 64 S.E. 2d 178. But a referee should be removed only for good and substantial reasons. 76 C.J.S., Reference, Section 72, p. 220. In this case the referee eventually filed his report; allegations and evidence of any impropriety on his part are lacking. "A party to a reference will not be permitted to proceed with the reference after the day fixed for the final report, without objection, thereby taking his chances of a decision in his favor, and then at a later stage, after a decision has been or seems likely to be rendered against him, for the first time, urge the delay as cause for removing the referee." *Keith v. Silvia, supra,* 331.

If the motion is based on alleged errors, either in the findings of fact or conclusions of law in the report, G.S. 1-195 requires that they be specifically pointed out.

G.S. 1-194 and 1-195 are *in pari materia* and must be construed together. *Contracting Co. v. Power Co.,* 195 N.C. 649, 143 S.E. 241; *Wallace v. Benner,* 200 N.C. 124, 156 S.E. 795. G.S. 1-195 allows either party thirty days from the filing of the report in which to ex-

cept to the decision of the referee. After exceptions have been filed, or thirty days have expired without any exceptions being filed, G.S. 1-194 authorizes either party during term, or upon ten days notice to the adverse party out of term, to move the judge to review the report.

If the reference is by consent, the purpose of the exceptions is to bring the controversy into focus for the trial judge who, "in the exercise of his supervisory power and under the statute (G.S. 1-194), may affirm, amend, modify, set aside, make additional findings, and confirm, in whole or in part, or disaffirm the report of a referee. . . . *This he may do, however, only in passing upon exceptions, for in the absence of exceptions to the factual findings of a referee, such findings are conclusive.* . . ., and where no exceptions are filed, the case is to be determined upon the facts as found by the referee." (Emphasis added) *Anderson v. McRae,* 211 N.C. 197, 189 S.E. 639. He cannot affirm the report of the referee prior to the time for filing exceptions where there has been no waiver of the right to file them. *Crowley v. McDougald,* 241 N.C. 404, 85 S.E. 2d 377.

In *Keith v. Silvia, supra,* the reference was by consent. The referee was directed to file his report on or before April 10, 1950. The report was filed on September 15, 1950, and it was agreed between the parties that exceptions might be filed on or before October 4, 1950. On September 12, 1950, plaintiff filed a motion to remove the referee for failure to file his report. On October 9, 1950, the judge removed the referee as of September 12, 1950, and rejected his report. This Court held that the judge erred (1) in removing the referee because the record disclosed no willful failure to discharge his duties; and (2) in setting aside the referee's report because it was not before the judge for consideration on October 9th, no exceptions having been filed to it and the time for filing them not having expired. As the Court pointed out, plaintiffs' motion did not assail the report of the referee, and the broad supervisory power of the judge over the report *"is to be exercised in ruling upon exceptions duly entered or some motion directly attacking the validity of the report."* (Emphasis added) Speaking for the Court, *Barnhill, J.* (later *C.J.*) stated that G.S. 1-194 did not give the judge power *ex mero motu* to vacate a report upon which no attack had been made by any of the parties, "the authority must be exercised if at all, in an orderly manner in accord with recognized rules of procedure." These rules of procedure are set out in G.S. 1-194 and G.S. 1-195.

When the reference is compulsory, as here, and the parties have reserved their right to a jury trial, the practical purpose of the reference and the exceptions "is to develop and specifically delimit the issues to be determined by a jury." *Mills v. Realty Co., supra.* The statute

contemplates that the trial judge must act upon the report even in a compulsory reference where the right to the trial by jury has been preserved as provided in *Bartlett v. Hopkins*, 235 N.C. 165, 69 S.E. 2d 236, to the end that the ultimate issues of fact may be produced in bold and clear relief.

In his order, Judge Parker not only purported to set aside the report of the referee before the time for filing exceptions had expired, but he "returned the case to the civil issue docket." We understand this to mean that he set it for trial by jury as if there had been no order of reference. Even when a report is set aside for cause, the order of reference is not thereby revoked; it continues. *Morisey v. Swinson*, 104 N.C. 555, 10 S.E. 754.

When the parties agree upon a reference, the consent continues until the order is complied with by a full report, and the judge cannot revoke it without the consent of both parties. *Stevenson v. Felton*, 99 N.C. 58, 5 S.E. 399.

In *Trust Co. v. Jenkins, supra*, it was held that the trial judge had no authority to revoke an order of compulsory reference, made without objection or exception, and set the cause for trial by jury on the grounds that the referee committed error in excluding evidence in the hearing before him.

The instant case involves a complicated question of boundary which, we may assume, required a personal view of the premises since the referee, with counsel, did make one. It was, therefore, a proper case for a compulsory reference, G.S. 1-189(3). Judge Bundy having ordered the reference, his order was not subject to review at a subsequent term by another Superior Court Judge. *Edwards v. Perry*, 206 N.C. 474, 174 S.E. 285. Once the order of reference is made, and particularly after the report has been filed, it cannot be set aside except "for good and sufficient cause assigned and made to appear to the Court." *Patrick v. R. R.*, 101 N.C. 602, 8 S.E. 172. The *Patrick* case involved a consent reference in which both referees, to whom it had been agreed the case would be referred, refused to act. However, the quoted words *a fortiori* would apply to a compulsory reference.

In *Lance v. Russell*, 157 N.C. 448, 73 S.E. 151, a consent reference was set aside because plaintiff's consent to the reference had been secured by misrepresentation. The Court held that was "good cause shown."

It is difficult to envision a case in which one Superior Court Judge could set aside an order of compulsory reference entered by another. The motion would have to go to the validity and regularity of the proceeding or some subsequent change of circumstances affecting the

status of the case. *Neighbors v. Neighbors,* 236 N.C. 531, 73 S.E. 2d 153.

The transcript of the evidence and the exhibits introduced before the referee constitute 173 pages in the record. The case was instituted in 1957; a surveyor was appointed in 1958; the referee, in 1959. He held a hearing in July 1960; he filed his report in November 1961. Surely such an investment of time as is shown by this record should not be lost except for "good cause shown."

This case is remanded to the Superior Court of Martin County to the end that the referee's report may be reviewed in an orderly manner in accordance with recognized rules of procedure. Since that Court has been without jurisdiction from the time the appeal was certified in this Court, *Keith v. Silvia, supra,* the parties will have the right to file exceptions within thirty days from the date this opinion is certified back to the Superior Court.

Reversed.