LAURA H. McDOUGALD CROWLEY AND HER HUSBAND, W. A. CROWLEY, v. D. A. McDOUGALD AND HIS WIFE, MARY V. McDOUGALD.

(Filed 14 January, 1955.)

**1. Appeal and Error § 6c (2)—**

A sole exception to the signing of the judgment is sufficient to present for review the question whether error of law appears on the face of the record.

**2. Reference § 10—**

Where the record discloses that judgment confirming the report of a referee was entered at a term of court convening before the expiration of the 30-day period for filing exceptions, G.S. 1-195, and the record discloses no waiver of the right to file exceptions at any time during the 30-day period, the premature entry of judgment of confirmation is error appearing on the face of the record.

**3. Reference § 9—**

Motion by plaintiff for voluntary nonsuit before the referee appointed to hear the cause does not preclude her from filing exceptions to the referee's report.

**4. Same: Trial § 5½—**

Where it does not appear of record that the stipulations were reduced to writing and signed by plaintiff or her counsel, but the stipulations appear only in the findings of fact as formulated and reported by the referee, it would seem that the stipulations are subject to challenge by exception along with the referee's general findings and conclusions.

APPEAL by plaintiffs from *C. L. Moore, J.,* at April Term, 1954, of HOKE.

Civil action to reform partition deed on the ground of mutual mistake.

Laura H. McDougald Crowley, hereinafter referred to as the plaintiff, and D. A. McDougald, hereinafter called the defendant, are the children and only heirs at law of Alexander McDougald, who died intestate prior to 1935, leaving a landed estate in Hoke County which descended to the plaintiff and the defendant as tenants in common. In 1935, by exchange of deeds they divided part of these lands. The plaintiff alleges it was the intention of the parties to divide all the lands and that the deed made to the defendant correctly describes the one-half share in value intended to be allotted to him, but that the deed to the plaintiff fails to describe properly the land intended to be described in her deed and as a result the lines and boundaries when plotted out overlap on adjoining lands and do not close. The plaintiff further alleges that by mutual mistake of the parties a tract of about 82 acres was omitted entirely from the deed made to her. The defendant by answer admits the alleged errors of description. However, he denies that the 82-acre tract was intended to be included in the plaintiff's deed. On the contrary, the defendant alleges that this tract was not contemplated by the parties in making the division and therefore was left undivided.

When the cause first came on for hearing, the court concluded it involved a complicated question of boundary and ordered a compulsory reference (G.S. 1-189 (3)). J. M. Andrews, Esq., was appointed referee. His report discloses that a hearing was held 26 February, 1954, and that after certain evidence was offered and stipulations made, all to the effect

that the 82-acre tract was not included in the lands sought to be divided in 1935, "the plaintiff moved for a voluntary nonsuit in the case." The report further discloses that the plaintiff's motion was granted by the referee, but that it later occurred to him he was without legal authority to nonsuit the action and therefore upon further reflection he "passed the motion onto the court for final determination," together with his full report on the case.

The referee's report shows that he found and concluded that the 82-acre tract was undivided land belonging to the plaintiff and defendant.

The report was filed 5 April, 1954. The cause was calendared for hearing at the April Term of court, which convened 19 April, 1954. No exceptions were filed to the report of the referee. When the cause came on to be heard as calendared, the Clerk presented to the court a letter received from plaintiff's counsel asking him to request the Judge to sign judgment of voluntary nonsuit in accordance with form judgment transmitted with the letter. The presiding Judge declined to sign the judgment and, upon consideration of the record, entered judgment confirming the referee's report and decreeing that the 82-acre tract of land was never partitioned by the plaintiff and the defendant and is now owned by them as tenants in common. The judgment also directs that any costs accrued in excess of the sums previously deposited by the parties be taxed against the plaintiffs.

From the judgment entered the plaintiffs appeal.

*Robert H. Dye and Joe M. Cox for plaintiffs, appellants.*
*G. B. Rowland and Varser, McIntyre & Henry for defendants, appellees.*

JOHNSON, J. The plaintiff's only exception is to the signing of the judgment. This is sufficient to present for review the question whether error of law appears upon the face of the record. *Bond v. Bond,* 235 N.C. 754, 71 S.E. 2d 53.

The referee's report was filed 5 April, 1954. The judgment below confirming the report was entered at the one-week term of court which convened 19 April, 1954, before expiration of the plaintiff's 30-day period for filing exceptions as allowed by statute, G.S. 1-195. She insists that the record discloses no waiver of her right to file exceptions to the report any time during the 30-day period and that the premature entry of judgment of confirmation is error appearing upon the face of the record. This view is supported by the record. The plaintiff's action in moving for voluntary nonsuit does not preclude her from filing exceptions to the referee's report. True, any exceptions directed to the merits of the case would seem to be at variance with stipulations reported by the referee to

have been entered into by the plaintiff at the hearing. However, the record on appeal does not contain any part of the transcript of the proceedings before the referee, and it has not been made to appear that the stipulations were reduced to writing and signed by the plaintiff or her counsel. Rather, upon the record as presented, the stipulations appear only in the findings of fact as formulated and reported by the referee. Therefore, on this record, it would seem that the stipulations as reported are subject to challenge by exception along with the referee's general findings and conclusions.

For the error indicated the judgment appealed from will be vacated and the cause will be remanded to the court below for further proceedings in accord with this opinion.

Error and remanded.