ROBERT G. AMICK, AND WIFE, MARTHA S. AMICK v. MARTHA M. SHIPLEY, ADMINISTRATRIX OF THE ESTATE OF JIMMY SHIPLEY, SAMUEL McKAREM AND SMB MANAGEMENT CO., INC.

No. 7818SC1128

(Filed 6 November 1979)

**Rules of Civil Procedure § 16; Trial § 6— disputed stipulations not signed—judgment based thereon improper**

The trial court's judgment is reversed where the court relied in part on the purported stipulation of facts contained in a pretrial order, but the stipulation was not signed by respective counsel and was disputed.

APPEAL by defendants from *Crissman, Judge*. Judgment entered 10 October 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals 31 August 1979.

Richardson Realty, Inc., as lessor, and defendants Jimmy Shipley and Samuel McKarem, as lessees, executed a lease of a parcel of land and building located in Guilford County for opera-

tion as a dry cleaning business. The land was subsequently deeded to plaintiffs' immediate predecessors in interest, Howard and Barbara Covington (hereinafter the Covingtons). Meanwhile, defendants Shipley and McKarem assigned their leasehold interests in the premises to defendant SMB Management Company, Inc. (hereinafter SMB). Subsequently, SMB entered into a lease with plaintiffs Robert and Martha Amick under which the Amicks were to pay an annual base rental of $9,600.24, payable in weekly installments of $184.62 or eight percent of annual gross receipts from operation of the dry cleaners, whichever was greater. As assignee of the original leasehold interest, SMB was obligated to pay the owner of the reversionary interest, the Covingtons, an annual rental of $9,000.00 or seven percent of the annual gross receipts, whichever was greater. Plaintiffs purchased the Covingtons' interests in the property. Their deed contained the following provision: "This conveyance is made subject to easements, rights of way [sic] of record, 1977 taxes and lease agreement between Richardson Realty, Inc. and Jimmie [sic] V. Shipley and Sam McKarem, dated March 5, 1969."

Plaintiffs, for awhile, continued to pay a net difference of $50.00 monthly to defendant SMB under their lease agreement. They then instituted this action, seeking a declaratory judgment that they were owners in fee simple absolute of all interests in the premises.

Defendants, in their answer, admitted that the original lease between Richardson Realty, Inc. and Jimmy Shipley and Samuel McKarem was to extend for more than three years and had not been recorded, but they contended that plaintiffs were estopped to deny the existence of their interests in the land because of the provision in their deed and their subsequent payment of rent. Defendants sought to recover a sum allegedly due for unpaid rental payments and possession of the premises.

The trial court filed a pretrial order containing pertinent stipulations by the parties. Neither the attorneys nor the judge had signed the order. Later, the trial court made the following pertinent findings of fact:

"8. On August 19, 1970, the owner of the property, Howard W. Covington, consented in writing to a change of

the operation of the premises from a franchise of Master Kleens of America, Inc., to 'A Cleaner World' franchise of SMB.

9. On April 17, 1972, a sublease was executed between SMB, as lessor, and Robert G. Amick, as lessee, subleasing the premises involved in this action (hereinafter 'the sublease').

10. The owner of the premises, Howard W. Covington, fully consented to the assignment of the lease by Jimmy V. Shipley and Samuel S. McKarem to SMB, and fully consented to the sublease by SMB to Robert G. Amick.

11. The plaintiff, Robert G. Amick, did not have full knowledge of the existence of the lease at the time the sublease was entered but was aware of the lease between the then owner of the premises, the Covingtons, and the defendant, SMB. The plaintiff was not a party to the lease nor was he a party at the time the prime lease was entered into by and between Richardson Realty and Shipley and McKarem.

12. On January 7, 1977, Howard W. Covington and wife, Barbara W. Covington, as grantors, conveyed the premises to Robert G. Amick and wife, Martha S. Amick, as grantees, pursuant to a deed containing the following provision:

> This conveyance is made subject to easements, rights-of way [sic] of record, 1977 taxes and lease agreement between Richardson Realty, Inc. and Jimmy V. Shipley and Sam McKarem, dated March 5, 1969.

13. The lease calls for annual base rent of $9,000.00 payable at the rate of $750.00 per month or 7% of the annual gross receipts of the dry-cleaning business located on the premises, whichever shall be greater.

14. The sublease calls for annual base rent of $9,624.00 per year payable in weekly installments of $184.68 or 8% of annual gross receipts, whichever shall be greater.

15. Since January, 1977, when the plaintiffs, Robert G. Amick and wife, Martha S. Amick, acquired title to the property, until September, 1977, the net monthly difference of $50.00 per month was paid by the plaintiffs to the defendant,

SMB, said payments ceasing in September, 1977, when this action was filed; that the defendant has never demanded any payments from the plaintiffs other than the excess payments called for under the sublease but has not made any demand for payments under the prime lease.

16. Neither the Lease nor the Sublease was recorded nor have they been recorded until the present date and are not matters of record."

Based on its findings of fact, the court concluded as a matter of law that:

"1. The plaintiffs have acquired title to the premises free and clear of the lease presently held by SMB Management Company as purchasers for value because of the lack of recordation of any intervening documents which would show any interest in the defendants.

2. The plaintiffs had knowledge of the underlying lease before and after the plaintiffs acquired title to the premises.

3. The plaintiffs hold title to the leased premises free and clear of the unrecorded lease presently held by the defendant, SMB."

Defendants appealed.

*Wilson & Redden, by Charles R. Redden, for plaintiff appellees.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter, James C. Frenzel, and Chris A. Rallis, for defendant appellants.*

ERWIN, Judge.

Defendants contend that the trial court erred in making findings of fact without any evidence introduced by the plaintiffs in support of those findings. We agree for a different reason. In entering its judgment, the trial court relied on the purported stipulation of facts contained in the pretrial order and based its findings of fact thereon. It does not appear of record that the stipulations reduced to writing were signed by respective counsel, and the alleged stipulations appear only in the findings of fact. In a similar instance, our Supreme Court held that the stipulations

as reported were subject to challenge. *See Crowley v. McDougald*, 241 N.C. 404, 85 S.E. 2d 377 (1955). In *Crowley v. McDougald, supra*, the plaintiff had excepted to purported stipulation of facts contained in a referee's report, and it had not been made to appear that the stipulations were reduced to writing and signed by the plaintiff or her counsel.

G.S. 1A-1, Rule 16, of the Rules of Civil Procedure provides in pertinent part:

> "If a conference is held, the judge may make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

While the rule allows the court to enter an order reciting action taken at the conference, present custom and better practice require that admissions, agreements, or stipulations entered into by counsel at the pretrial stage be evidenced by a signed writing. *Cf. Crowley v. McDougald, supra.* (Stipulations entered into in reference proceeding should be evidenced by signed writing to be binding.) *See also* 73 Am. Jur. 2d, Stipulations, § 2, p. 536. We are well aware that the pretrial conference is a mechanism intended to resolve those issues which are not genuinely in dispute, but nothing in the rule affords a basis for forcing the parties into admissions or stipulations where there is a genuine dispute.

Had the trial court merely relied on other evidence before it, we would be compelled to uphold its findings of fact. However, in the preface to its judgment, the court stated that it was relying "upon stipulation of facts as contained in the Pretrial Order filed in this proceeding." Thus, the record affirmatively discloses that the trial court's findings of fact were based in part on the disputed stipulation of facts. In such a circumstance, the judgment below must be and is

Reversed and remanded.

Judges CLARK and WELLS concur.