SIKES v. SIKES

[98 N.C. App. 610 (1990)]

---

JEAN L. SIKES v. JAMES M. SIKES

No. 8910DC758

(Filed 5 June 1990)

1. **Divorce and Alimony § 24.5 (NCI3d)— child support—interim order—no error**

   Defendant's contention in a child custody and support action that the court erred by ordering retroactive and prospective child support even though he was in compliance with a previous support order was without merit where the court had entered an interim order clearly and unequivocally intended to facilitate the transfer of custody to plaintiff pending an agreement between the parties or a determination by the court of the appropriate level of support. The order in question was the first time a determination on the merits of child support had been made, no findings relating to a change of circumstances were required, and the order did not constitute a modification of a previous order.

   **Am Jur 2d, Divorce and Separation §§ 1039-1042, 1045, 1056.**

2. **Divorce and Alimony § 24.9 (NCI3d)— child support—findings—no error**

   There were sufficient findings and conclusions to support payment of child support where the court made specific find-

ings concerning the actual sums expended by plaintiff since custody of the sons was transferred to her, the reasonableness of those sums, and defendant's ability to contribute to the payment of those past expenditures. Although the trial court erred in denominating the amount due for retroactive child support as "arrears," that error was not prejudicial. N.C.G.S. § 50-13.4(c).

**Am Jur 2d, Divorce and Separation §§ 1039-1042, 1045, 1056.**

**3. Divorce and Alimony § 24.9 (NCI3d) — child support — no finding as to net income — no abuse of discretion**

The trial court did not abuse its discretion in an action for child custody and support by finding that both parties had the ability to contribute to the support of the children and that the sums ordered were reasonable where the court failed to make a finding as to defendant's net income but found that defendant's gross income was $53,540.00, as compared to plaintiff's gross income of $13,100.00, and made findings about the parties' expenses, plaintiff's net income, and the children's expenses.

**Am Jur 2d, Divorce and Separation §§ 1039-1042, 1045, 1056.**

**4. Divorce and Alimony § 24.1 (NCI3d) — child support — child with learning disability — private schooling**

The trial court did not err in an action for child custody and support by ordering defendant to pay a portion of the expenses incurred for private schooling for a child with a learning disability. Although defendant contended that the State of North Carolina is required by law to provide an adequate education for the child and that it was error to hold him responsible for paying a portion of expenses for private education without his consent, there was ample evidence to support the trial court's findings that the child's progress while attending public schools was grossly inadequate and that the educational expenses incurred by plaintiff for her son's attendance at the private school were reasonable. The trial court did not order defendant to contribute to future costs of private schooling but found that the parties should make further attempts to find an appropriate educational program in the public system.

Am Jur 2d, Divorce and Separation §§ 1039-1042, 1045, 1056.

5. **Divorce and Alimony § 27 (NCI3d)— child support—attorney fees—no error**

The trial court did not abuse its discretion by ordering defendant to pay a portion of plaintiff's attorney fees in an action for child custody and child support. N.C.G.S. § 50-13.6.

Am Jur 2d, Divorce and Separation §§ 597, 1061.

Judge LEWIS dissenting in part and concurring in part.

APPEAL by defendant from Order of *Judge Jerry W. Leonard* entered 2 March 1989 in WAKE County District Court. Heard in the Court of Appeals 6 February 1990.

*Donald H. Solomon, P.A., for plaintiff appellee.*

*Ragsdale, Kirschbaum, Nanney & Sokol, P.A., by William L. Ragsdale, for defendant appellant.*

COZORT, Judge.

Defendant appeals from an order of the trial court ordering defendant to pay back child support, prospective child support, a portion of expenses incurred for special education for one child, and a portion of plaintiff's attorney's fees. We affirm.

The parties were formerly husband and wife, having married on 24 June 1968. Four children were born of the marriage, two daughters, born 29 March 1970 and 6 November 1971, and two sons, born 15 April 1976 and 24 June 1977. The parties are now divorced. Pursuant to an amended separation agreement, all four children had resided with defendant since 5 February 1986.

On 21 August 1986, plaintiff filed an action for custody and child support. Defendant filed Answer, and the matter came on for hearing in October of 1986 in Wake County District Court before Judge L. W. Payne. The record does not disclose the contents of that hearing. In January of 1987, Judge Payne sent notice to the parties' attorneys that an order was due and should be presented to the court by 20 February 1987. On 23 February 1987 Judge Payne ordered counsel to appear in court to report the status of the case and the reason for the order not having been

drafted. Thereafter, counsel met in chambers with Judge Payne, who signed an Interim Order on 10 March 1987 as follows:

Upon a conference in Chambers with Counsel for the Plaintiff and the Defendant, on March 6, 1987, and upon representations that the custody of the two minor children Derick Brendon Sikes and Warren James Sikes will be transferred to the Plaintiff, the undersigned Judge of the District Court of Wake County, North Carolina, is of the opinion that an Interim Order regarding custody and support of the two minor sons of the parties, Derick Brendon Sikes and Warren James Sikes, should be entered, pending further negotiations and possible agreement between the parties on certain matters.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED:

1. That upon entry of this order, the Defendant shall physically transfer custody of the two minor sons to the Plaintiff.

2. The Defendant, by consent, shall pay to the Plaintiff for the support and maintenance of the two minor children, the sum of $200 per month per child, commencing with the entry of this Order for March, 1987, and a like sum on or before the 10th day of each and every month thereafter until an agreement between the parties with respect to an appropriate level of child support can be reached, or absent such agreement, until further Orders of this Court. The said monthly amount specified herein shall be without preference or prejudice as to a subsequent determination of an appropriate level of child support.

3. The parties and their respective Counsel are instructed to immediately negotiate and diligently attempt to reach an agreement with respect to an appropriate level of monthly child support, an apportionment of unreimbursed hospital, medical and dental expenses, and an apportionment of the expenses of psychological counseling currently being provided by Ms. Rosie Zeigler.

4. In the absence of such agreement, and upon motion of either party, this Court will make such determination of child support and apportionment of hospital, medical, dental, and psychological expenses on March 20, 1987, based upon the financial circumstances at that time and enter an Order.

SIKES v. SIKES

[98 N.C. App. 610 (1990)]

Again, however, the parties failed to come to an agreement on the issue of child support. Defendant procured new counsel. A hearing was held on 22 October 1987 before Judge Jerry W. Leonard, but at the close of the second day of testimony the matter had not concluded and was continued. Hearing of the case was not resumed until 5 January 1988, when the hearing was concluded. The trial court received evidence concerning the parties' respective present incomes and expenses, actual past and present expenses of the children, the youngest son's educational needs, and other evidence. On 2 March 1989, Judge Leonard entered an order making findings and conclusions and ordering defendant (1) to pay child support in the amount of $300.00 per month per child, (2) to pay $4,600.00 in back child support dating from March 1987, (3) to provide insurance coverage for the parties' children and be responsible for all costs of medical and dental care not covered by insurance, (4) to contribute to the private school expenses incurred for the youngest son from March 1987 through completion of the school year in 1988, and (5) to pay a portion of plaintiff's attorney's fees. Defendant appealed.

[1] By his first three assignments of error, defendant assigns error to the order of retroactive and prospective child support on the grounds that defendant was in compliance with a previous order of child support, the trial court failed to find a change in circumstances justifying a modification of that previous order, and the court was without authority to modify that order retroactively. We find no merit to this argument. The Interim Order clearly and unequivocally was intended to facilitate the transfer of custody to plaintiff pending an agreement between the parties or a determination by the trial court as to an appropriate level of support. The order entered by Judge Leonard in March of 1989 was "manifestly the first time a determination on the merits of the issue of child support was made," and thus no findings relating to a change in circumstances were required. *Little v. Little*, 74 N.C. App. 12, 19, 327 S.E.2d 283, 289 (1985). The March 1989 order did not constitute a modification of a previous order for support, much less a retroactive one.

[2] Defendant also contends that the trial court made insufficient findings and conclusions to support the payment for retroactive child support. We do not agree. Under N.C. Gen. Stat. § 50-13.4(c), a trial court may order a defendant to pay retroactive child support representing his or her fair share of the amount actually expended

SIKES v. SIKES

[98 N.C. App. 610 (1990)]

by the plaintiff which represented the defendant's share of support, taking into consideration the reasonable needs of the children and the ability of the defendant to pay during the time for which reimbursement is sought. *Warner v. Latimer*, 68 N.C. App. 170, 175, 314 S.E.2d 789, 792 (1984). In the March 1989 Order, the trial court made specific findings concerning the actual sums expended by plaintiff since custody of the sons was transferred to her pursuant to the Interim Order, the reasonableness of those sums, and defendant's ability to contribute to the payment of those past expenditures. Defendant correctly notes the trial court's error in denominating the amount due for retroactive child support as "arrears." We do not, however, find prejudicial error in the trial court's misnomer.

[3] Defendant further contends that the trial court erred in finding that both parties had the ability to contribute to the support of the minor children and that the sums ordered as support were reasonable, because the trial court failed to make a finding as to his net income. The court found that defendant's gross income was $53,540.00, as compared to plaintiff's gross income of $13,100.00, and made findings about the parties' expenses, plaintiff's net income, and the children's expenses. We hold that these findings are sufficient under N.C. Gen. Stat. § 50-13.4(c) to satisfy the requirement that the court give "due regard" to the parties' estates, earnings, conditions, and accustomed standard of living. Defendant has not argued to this Court nor does the record disclose any evidence that he does not have the ability to contribute to the support of his minor sons in the amount determined by the trial court. The amount of child support is a matter for determination by the trial court in its discretion and will not be disturbed on appeal absent an abuse of that discretion. *Warner v. Latimer*, 68 N.C. App. at 174, 314 S.E.2d at 792. We discern no abuse of that discretion here.

We have reviewed defendant's remaining challenges to several of the court's findings and conclusions which he contends are either irrelevant or unsupported by the evidence. We find that the errors, if any, are minor discrepancies, nonprejudicial, and not grounds for reversing the court's order. For the foregoing reasons, the errors assigned to the trial court's order regarding past and prospective child support are overruled.

**[4]** By his next assignment of error, defendant contends that the trial court erred in ordering him to pay a portion of the expenses incurred by plaintiff for private schooling for the parties' youngest child, who has a learning disability. Although he takes issue with several findings of fact which he contends are unsupported by the evidence, the crux of his argument is that, pursuant to Article 9 of Chapter 115C of the General Statutes, the State of North Carolina is required by law to provide an adequate education for the parties' child and, therefore, it was patent error for the court to find that the sums expended by plaintiff for private education were reasonable and to hold defendant responsible for paying for a portion of those expenses without his consent. We do not agree.

The trial court heard testimony from plaintiff and Dr. Silber at the Achievement School about the child's lack of progress in the public school system and his significant improvement since enrolling in the Achievement School in March of 1987. Plaintiff testified about the problems experienced in the public schools the child previously attended. She testified that she enrolled her son in the Achievement School because she felt that her son had not been given an adequate opportunity to learn even the most basic academic skills and because he was falling farther behind and needed immediate help. On cross-examination, plaintiff admitted that she had not pursued the procedure whereby public funds for private schooling might be obtained. Dr. Silber, found by the trial court to be an expert in learning disabilities and educational development, testified that, when the child enrolled in Achievement School, his skills were at a preschool level or were so low that the child was "nontestable," but that, after five or six months, his scores "ranged from first grade up to first grade seven months."

We find that there is ample evidence to support the trial court's findings that the child's progress while attending public schools was "grossly inadequate" and that the educational expenses incurred by plaintiff for her son's attendance at the Achievement School in 1987 and 1988 were reasonable for the child's care, maintenance, and educational needs. Unlike the court in *Evans v. Craddock*, 61 N.C. App. 438, 300 S.E.2d 908 (1983), relied upon by defendant, the trial court here gave due regard to the factors set forth in N.C. Gen. Stat. § 50-13.4(c) and made appropriate findings and conclusions. We do not agree with defendant that the availability of a publicly funded educational program precludes such a finding. The trial court did not order defendant to contribute

SIKES v. SIKES

[98 N.C. App. 610 (1990)]

to future costs of private schooling for his son but found that the parties should make further attempts to find an appropriate educational program in the public system. Given the court's findings regarding the income and expenses of the parties and the needs of their children, we also find no error in requiring the parties to pay the costs of the child's educational expenses in proportion to their gross incomes.

[5] By his next assignment of error, defendant contends that the trial court erred in ordering defendant to pay a portion of plaintiff's attorney's fees. N.C. Gen. Stat. § 50-13.6 allows the trial court, in its discretion, to award payment of reasonable attorney's fees in an action for custody and support to an interested party who has acted in good faith and who has insufficient means to defray the expense of the suit. In an action for support, attorney's fees may be awarded if the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action. N.C. Gen. Stat. § 5-13.6 (1989). For the reasons stated earlier in this opinion, we reject defendant's argument that an award of attorney's fees was improper because defendant was in compliance with a previous order for support and because there was no substantial change in circumstances. Therefore, assuming that it was necessary for the court to make such a finding, we hold that the court did not err in finding that defendant had refused to provide support which was adequate under the circumstances existing at the time of the institution of the action. This assignment of error is overruled.

Defendant last assigns error to entry of the order almost fourteen months after the hearing on 5 January 1988. We find no prejudice resulted from the delay, and we decline to invalidate the judgment for that reason.

Affirmed.

Judge WELLS concurs.

Judge LEWIS concurs in part and dissents in part.

Judge LEWIS dissenting in part and concurring in part.

I respectfully dissent. The trial court found that "the defendant has complied with the payments of [the interim Order]" and yet

ordered defendant to pay "arrearages for the children in the care of the Plaintiff from March, 1987 through the date of the entry of this Order [March, 1989]" at the rate of "$100.00 per month per child." The interim Order stated that defendant would pay the specified amount "until further Orders of this Court," at which time there would be "a *subsequent determination* of an appropriate level of child support." (Emphasis added.) The majority contends: "Defendant correctly notes the trial court's error in denominating the amount due for retroactive child support as 'arrears.' We do not, however, find prejudicial error in the trial court's misnomer." I disagree. The trial court, in referring to "arrearages," apparently confused "arrearages" with retroactive child support. "Arrearages" refers to amounts that are overdue and unpaid. Since defendant had complied with the payments of the interim Order, there can be no "arrearages" under the terms of the existing Order.

Defendant is also under no obligation to make retroactive payments for child support. The North Carolina Supreme Court in *Fuchs v. Fuchs* held that the retrospective increase in child support previously allowed by the trial court was not supported either in law or in equity without evidence of an "emergency situation" providing justification for the increase. 260 N.C. 635, 641, 133 S.E.2d 487, 492 (1963). No such "emergency situation" has been shown in this case. Although *Warner v. Latimer* does allow "a claim for retroactive child support" which may be brought under N.C. General Statute § 50-13.4, 68 N.C. App. 170, 174, 314 S.E.2d 789, 792 (1984), plaintiff must demonstrate a change in circumstances in order to allow modification of the prior Order. The majority alleges that "no findings relating to a change in circumstances were required" because the Interim Order was made solely "to facilitate the transfer of custody." It was, however, a Court Order, and even a temporary order requires a showing of a change in circumstances for that Order to be modified. *Ellenberger v. Ellenberger*, 63 N.C. App. 721, 306 S.E.2d 190, *disc. rev. allowed*, 309 N.C. 631, 308 S.E.2d 714 (1983). The court did not have the authority to order "arrearages" or retroactive child support when there was an Order in force with which defendant complied and there was no showing of substantial change in circumstances.

Likewise, the trial court may not order defendant to pay private school expenses for the minor child Warren for the time period prior to the March 1989 order. For the reasons stated above, a retroactive modification of the preexisting court order is improper

NEWTON v. UNITED STATES FIRE INS. CO.

[98 N.C. App. 619 (1990)]

in the case at bar. Defendant fully complied with the March 1987 order which had no provision for payment for private school educational expenses. The trial court made proper findings of fact and conclusions of law based on competent evidence concerning defendant's *subsequent* obligation to pay his proportionate share of the necessary educational expenses for the minor child. The trial court erred in ordering the payment of "arrearages for money spent" for Warren's private school expenses.

The majority's award of attorney's fees was based partially on its conclusion that defendant "refused to provide support which [was] adequate under the circumstances existing at the time of the institution of this action." I disagree with that conclusion based on the reasoning stated above. However, I concur with the decision to award attorney's fees because, as the majority states, plaintiff in this action for child support "acted in good faith" and had "insufficient means to defray the expense of the suit." I therefore concur as to the award of attorney's fees.

With respect to the majority's decision on the remaining assignments of error, I concur.