KRISTEN (MILLER) DEVANEY, Plaintiff v. WILLIAM B. MILLER, Defendant

No. COA07-788

(Filed 1 July 2008)

**1. Child Support, Custody, and Visitation— child support— motion to modify—summary procedure**

Dismissal of a motion to modify child support is a summary procedure similar to judgment on the pleadings when only the allegations in the motion and the court file are considered by the trial court. The factual allegations of a motion to modify need not be detailed, but they must be legally sufficient to satisfy the elements of at least some legally recognized claim. On appeal, the dismissal is subject to de novo review.

**2. Child Support, Custody, and Visitation— change of circumstances—previously modified order**

The starting point from which a change of circumstances could be shown in a motion to modify child support was a 2005 modification order that addressed all aspects of the child support obligation on the merits where the original order was from 1993 and there had been other modifications in the interim. Neither party disputes that a determination on the merits was made by the original order, the 1996 modification, and the 2000 modification, with none of the orders indicating that they were interim or temporary. The 2000 and 2005 modification orders both state that provisions of the prior orders which were not modified would remain in full force and effect.

**3. Child Support, Custody, and Visitation— motion to modify—allegations of reduced income—information and belief**

The allegations in a motion to modify child support were not sufficient to survive a motion to dismiss where the only allegation was that, on information and belief, the parties' incomes had changed. Even assuming that the allegation is true, that alone is not sufficient; only a substantial and involuntary decrease in the noncustodial parent's income can justify a decrease in the child support obligation absent a showing of a change in the needs of the child.

Appeal by defendant from order entered 19 April 2007 by Judge Joseph E. Turner in District Court, Guilford County. Heard in the Court of Appeals 9 January 2008.

DEVANEY v. MILLER

[191 N.C. App. 208 (2008)]

*Hatfield & Hatfield, by Kathryn Hatfield, for plaintiff-appellee.*

*Rebecca Perry, PLLC, by Rebecca Perry for defendant-appellant.*

STROUD, Judge.

Defendant appeals from an order dismissing his motion to modify child support. This appeal presents two legal questions: (1) whether, when an order for child support has previously been modified by subsequent orders, the changes in circumstances necessary to support a new motion for modification should be determined from the date of the original order or from the date of a subsequent modification, and (2) whether an allegation of a change in the parents' income, without more, is sufficient to support a motion to modify child support.

For the reasons that follow, we hold that: (1) the changes in circumstances necessary to support a modification should be determined from the date of the most recent child support order which addresses the obligation in question, and (2) an allegation of a change to the parties' income, without more, is not sufficient to support a motion to modify child support. Accordingly, we affirm the trial court's order dismissing defendant's motion to modify child support.

## I. Background

On or about 20 April 1993, the parties' marriage was dissolved by a judgment of divorce entered in the Commonwealth of Massachusetts. The divorce judgment contained provisions regarding child custody and child support (hereinafter, "original child support order"). The original child support order was modified by a judgment entered 2 January 1996 in Probate and Family Court, Worcester County (hereinafter, "1996 modification order").[1] The original child support order and the 1996 modification order were further modified by consent of the parties in a judgment entered on or about 22 May 2000 (hereinafter, "2000 modification order"). The 2000 modification order provided that plaintiff would be able to relocate to North Carolina with the children, established a visitation schedule for the children with defendant, and obligated defendant to pay child support twice monthly to plaintiff in the amount of $1,083.33. It further stipulated "[i]n all other respects the prior judgments of the court shall remain in full force and effect."

---

[1]. The original child support order and the 1996 modification order were not included in the record, but they are referenced by later modification orders appearing in the record, and neither party has disputed their existence or terms.

On or about 14 April 2005, plaintiff filed a complaint[2] (hereinafter, "2005 motion") in Worcester, Massachusetts. The 2005 motion requested modification of the original child support order, alleging that the incomes earned by the parties had changed and that two of the children were of college age. The 2005 motion requested "redetermining child support in accordance with the Mass[.] Child Support Guidelines," and college expenses. The trial court entered a judgment by consent of the parties on or about 4 October 2005[3] (hereinafter, "2005 modification order"), modifying the original child support order to include defendant's obligation for fifty percent (50%) of each child's college expenses up to an agreed maximum and allocating responsibility for payment of various medical and transportation expenses for the children. The 2005 modification order did not change the monthly child support obligation which had been stated in the 2000 modification order.

On 4 January 2006, defendant registered the 2000 modification order and filed a verified Motion for Modification of Child Support in Guilford County District Court. The motion alleged:

Since the entry of the May 22, 2000 order, there has been a substantial and material change of circumstances affecting the welfare of the minor children as follows:

a. The Plaintiff has relocated to the State of North Carolina;

b. The Defendant has relocated to the State of Florida;

c. Two of the parties' minor children have reached the age of eighteen and have graduated from high school and are currently enrolled in college;

d. Defendant has two (2) additional children from his subsequent marriage;

e. On information and belief, the parties' incomes have changed significantly since the entry of the order.

On the basis of the allegation of changed circumstances, defendant requested "[t]hat the Court enter an order modifying Defendant's

2. The "complaint" for modification, as it was entitled in Massachusetts, was filed in the same court file as the original child support order and the modification orders. Under North Carolina practice, the "complaint" would have been referred to as a motion in the cause to modify child support.

3. Plaintiff referred to this order as the "October 5, 2005" order and the trial court referred to it as the "October 7, 2005" order.

child support obligation in accordance with the North Carolina Child Support Guidelines[.]"[4]

On 6 February 2006, plaintiff filed a verified Objection to Registration, alleging that the original child support order, a "Consent Order of May 21, 2001"[5] and the 2005 modification order should also be registered .with the 2000 modification order. On 26 April 2006, defendant amended his motion for modification of child support to include a request for the District Court, Guilford County to "assume jurisdiction of this matter[.]" On 17 October 2006, plaintiff moved to dismiss defendant's motion for modification alleging that the relevant date from which to determine if material changes had occurred was 4 October 2005, and that none of the changes alleged by defendant had occurred after that date. On 24 October 2006, the trial court issued a pre-trial order amending the court file to include the 2005 modification motion as well as the 2005 modification order as the most recent support order.

The trial court heard the motion to modify on 10 April 2007. The trial court dismissed defendant's motion for modification by order entered 19 April 2007, on the grounds that the 2005 modification order was the relevant starting point for determining a material change in circumstances, and that defendant had alleged no material changes which had occurred since that date. Defendant appeals.

## II. Standard of Review

[1] As an initial matter we must determine the standard of review. We note that defendant did not include a standard of review in his brief as required by Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure. Though we could impose a monetary penalty for this over-sight, we elect instead to admonish defendant's counsel to exercise care when preparing briefs submitted to this Court. *See State v. Parker*, 187 N.C. App. 131, 135, 653 S.E.2d 6, 8 (2007).

Defendant contends that his motion to modify alleges sufficient facts to survive a motion to dismiss for failure to state a claim under

---

4. We note that "[a] tribunal of this State may not modify any aspect of a child support order that may not be modified under the law of the issuing state." N.C. Gen. Stat. § 52C-6-611(c) (2005). However, because defendant did not show changed circumstances in his motion to modify, the trial court did not reach this question. *See McGee v. McGee*, 118 N.C. App. 19, 26-27, 453 S.E.2d 531, 535-36, *disc. review denied*, 340 N.C. 359, 458 S.E.2d 189 (1995).

5. The existence of this order is uncertain as it does not appear in the record, nor is reference made to it by any order or judgment appearing in the record.

DEVANEY v. MILLER

[191 N.C. App. 208 (2008)]

the current rules of notice pleading. Defendant also contends that the trial court treated his motion as a motion for summary judgment, except that the trial court improperly failed to give the parties the opportunity to present pertinent material as required by N.C. Gen. Stat. § 1A-1, Rule 12(b) and the trial court improperly viewed the evidence in the light most favorable to the moving party.

Though the order appealed from contains written "findings of fact," there is no indication in the record that the trial judge heard testimony or received any affidavits or other evidence in the cause.[6] Generally, findings of fact are inappropriate where testimony is not heard and evidence is not received, or where the facts are not in dispute. *Craddock v. Craddock*, 188 N.C. App. 806, 813, 656 S.E.2d 716, 720-21 (2008); *Atlantic Coast Mech., Inc. v. Arcadis, Geraghty & Miller of N.C., Inc.*, 175 N.C. App. 339, 345, 623 S.E.2d 334, 339 (2006) (discussing similarities between a motion to dismiss and summary judgment). However, in the case *sub judice*, "[i]t is apparent from a careful review of the record that the trial judge took judicial notice of previous orders in the cause[,]" *In re M.N.C.*, 176 N.C. App. 114, 120, 625 S.E.2d 627, 632 (2006), which he outlined, along with the main points of plaintiff's motion to dismiss, under the heading "Findings of Fact." It is also apparent from the record that the trial judge summarily dismissed defendant's motion purely as a matter of law based on the allegations in the motion to modify and judicial notice of the previous orders in the court file.

Dismissal of a motion to modify child support when only the allegations in the motion and the court file are considered by the trial court is a summary procedure similar to judgment on the pleadings. *See George Shinn Sports, Inc. v. Bahakel Sports, Inc.*, 99 N.C. App. 481, 486, 393 S.E.2d 580, 583-84 (1990) ("A motion for judgment on the pleadings is a summary procedure . . . which allows a trial court to enter judgment when all the material allegations of fact are admitted in the pleadings and only questions of law remain."), *disc. review denied*, 328 N.C. 571, 403 S.E.2d 511 (1991); *Wilson v. Development*

---

6. We note that the record before us does not contain an Affidavit of Income, Assets, and Expenses for either party, as required by Rule 29 of the Case Management Rules for the District Court of the Eighteenth Judicial District ("CMR"). This affidavit is required by those rules to be attached to the pleading for modification of child support. The record also contains no indication that either party ever served or filed any of the financial documentation as required for motions to modify child support by CMR 29.2. Thus, the trial court did not have the opportunity to consider even this basic financial information which might be expected in a case regarding·modification of child support.

DEVANEY v. MILLER

[191 N.C. App. 208 (2008)]

*Co.*, 276 N.C. 198, 206, 171 S.E.2d 873, 878-79 (1970) (Judgment on the pleadings is "limited to the facts properly pleaded in the pleadings before [the court], inferences reasonably to be drawn from such facts and matters of which the court may take judicial notice."). Like judgment on the pleadings, dismissal of a motion to modify child support is generally disfavored because it deprives the non-moving party of an opportunity to present evidence and be heard in support of its motion. *See Groves v. Community Hous. Corp.*, 144 N.C. App. 79, 87, 548 S.E.2d 535, 540 (2001) ("Judgments on the pleadings are disfavored in law[.]"); *see also Frank v. Funkhouser*, 169 N.C. App. 108, 112-13, 609 S.E.2d 788, 792-93 (2005) (summary judgment should be used sparingly because it deprives a party of a trial on the merits). However, dismissal is appropriate where the motion to modify is not supported by factual allegations which, if true, would entitle the moving party to relief. *See Murrow v. Henson*, 172 N.C. App. 792, 794, 616 S.E.2d 664, 665 (2005) (discussing a 12(b)(6) motion to dismiss). The factual allegations of a motion to modify need not be detailed, but they must be "legally sufficient to satisfy the elements of at least some legally recognized claim." *Atlantic Coast Mech.*, 175 N.C. App. at 345, 623 S.E.2d at 339 (citation and quotation marks omitted).

On appeal, dismissal of a motion to modify child support which is based on the insufficiency of its allegations as a matter of law without the weighing of facts is subject to *de novo* review. *State ex rel. Lively v. Berry*, 187 N.C. App. 459, 462, 653 S.E.2d 192, 194 (2007). The allegations in the motion to modify are taken as true and reasonable inferences from the allegations are drawn in favor of the party seeking to modify child support. *See George Shinn Sports*, 99 N.C. App. at 486, 393 S.E.2d at 584 ("In ruling on a motion [for judgment on the pleadings], the trial court must view the facts and all permissible inferences therefrom in the light most favorable to the nonmovant.")

### III. Analysis

Defendant contends the trial court erred in two ways: (1) finding that the 2005 modification order was a modification of child support and therefore the relevant starting point from which a change in circumstances should be determined, and (2) failing to find that the motion "lists certain events which would support a finding of a change in circumstances." We disagree.

DEVANEY v. MILLER

[191 N.C. App. 208 (2008)]

## A. Relevant Order

**[2]** Defendant cites *Sikes v. Sikes*, 98 N.C. App. 610, 391 S.E.2d 855 (1990), *aff'd*, 330 N.C. 595, 411 S.E.2d 588 (1992), to contend that "an order with regard to the parties' children that does not fully address the particulars of child support cannot be characterized as a prior child support order." Therefore, defendant argues, the order of 4 October 2005 which addressed only college education and medical and transportation expenses cannot be characterized as a prior child support order, and therefore cannot be used as the starting point to determine changed circumstances on a motion for modification.

However, we do not find defendant's case apposite to *Sikes*. In *Sikes*, the defendant-appellant contended that the plaintiff-appellee had not met her burden of showing changed circumstances from the prior order, so that the trial court erred in granting her an increase in child support. 98 N.C. App. at 614, 391 S.E.2d at 857. This Court overruled the defendant-appellant's assignment of error, concluding that the prior order had been an

> [i]nterim [o]rder clearly and unequivocally. intended to facilitate the transfer of custody to plaintiff pending an agreement between the parties or a determination by the trial court as to an appropriate level of support. The [later] order . . . was manifestly the first time a determination on the merits of the issue of child support was made, and thus no findings relating to a change in circumstances were required.

*Id.* (citation and internal quotation marks deleted).

The case *sub judice* is manifestly different from *Sikes*. In this case, neither party disputes that a determination on the merits on the issue of child support was made by the original child support order, the 1996 modification order, and the 2000 modification order. None of the orders in the record which were issued prior to the motion for modification *sub judice* indicate that they were interim or temporary orders. Further, the allegations of the 2005 motion, which resulted in the 2005 modification order, were not limited to college, medical, and travel expenses but specifically raised the issue of "re-determining child support in accordance with the Mass[.] Child Support Guidelines." The "re-determination" of monthly child support was not reserved for later adjudication in the 2005 modification order but instead the monthly child support was reaffirmed by implication. The 1996 modification order was not included in the record, but the 2000 and 2005 modification orders both state that provisions of the

prior orders which were not modified would remain in full force and effect. On this record, we hold that the 2005 modification order addressed all aspects of the child support obligation on the merits and was therefore the starting point from which a showing of a change in circumstances was necessary. The trial court did not err in so concluding.

B.  Allegations of a Change in Circumstances

[3] Neither defendant's motion to modify nor his appellate brief expressly state what type of modification in child support he is seeking, whether an increase or a decrease, so we must assume that as the child support obligor, defendant was moving for a decrease in his obligation. In his brief, defendant argues that an increase or decrease in the income of either parent is a substantial change sufficient for the trial court to recalculate child support, and that "it is quite possible that the income of either or both parties has increased or decreased significantly since entry of the last relevant order, whether that is the May 22, 2000 order or the October 4, 2005 order."[7] We disagree.

A order of child support can be modified only by "a showing of changed circumstances[.]"[8] N.C. Gen. Stat. § 50-13.7 (2005). The burden of showing a change in circumstances is on the party seeking to modify the order. *Wolf v. Wolf*, 151 N.C. App. 523, 526, 566 S.E.2d 516, 518 (2002). If the trial court determines that a substantial change in circumstances has occurred, it should proceed to determine the

___

7. Defendant's brief does not argue for any other of the changed circumstances alleged in his motion to modify. In any event, the mother's move to North Carolina was addressed in the 2000 modification order, and the children's graduation from high school and enrollment in college was addressed in the 2005 modification order, so even if those circumstances could provide a legal basis to modify child support, those changes could not possibly have occurred between the 2005 modification order and defendant's motion to modify filed 4 January 2006.

8. The trial court's order incorrectly stated "any modification since [the 2005 modification order] must be based upon a material change in circumstances test in that three years have not elapsed since the entry of that Judgment." However, *any* modifications to child support must be based on a showing of changed circumstances. N.C. Gen. Stat. § 50-13.7(a). A "showing that the application of the [Child Support] Guidelines would result in a change in the child support obligation of fifteen percent or more" creates a presumption of a change in circumstances, but does not obviate the required statutory showing of a change in circumstances. *Lewis v. Lewis*, 181 N.C. App. 114, 120, 638 S.E.2d 628, 632 (2007). However, "[i]f the correct result has been reached, the judgment will not be disturbed even though the trial court may not have assigned the correct reason for the judgment entered." *Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989).

correct amount of support. *McGee v. McGee*, 118 N.C. App. 19, 26-27, 453 S.E.2d 531, 535-36, *disc. review denied*, 340 N.C. 359, 458 S.E.2d 189 (1995).

Defendant cites no authority and we find none for the proposition that a bare allegation of a significant change in the parties' incomes is sufficient to support a motion to decrease child support. To the contrary, absent a showing of a change in the needs of the child, only a substantial and *involuntary decrease* in the non-custodial parent's income can justify a decrease in the child support obligation. *Wiggs v. Wiggs*, 128 N.C. App. 512, 515, 495 S.E.2d 401, 403, *disapproved of on other grounds, Pulliam v. Smith*, 348 N.C. 616, 620, 501 S.E.2d 898, 900 (1998). All other changes in income must be accompanied by facts showing that the needs of the child have changed. *Mittendorff v. Mittendorff*, 133 N.C. App. 343, 344, 515 S.E.2d 464, 466 (1999) ("A *voluntary* and substantial decrease in a parent's income can constitute a changed circumstance only if accompanied by a substantial decrease in the needs of the child." (Emphasis in original.)); *Thomas v. Thomas*, 134 N.C. App. 591, 595-96, 518 S.E.2d 513, 516 (1999) ("[A]n increase in income alone is not enough to prove a change of circumstances to support [modification of] a child support obligation."); *Greer v. Greer*, 101 N.C. App. 351, 355, 399 S.E.2d 399, 402 (1991) ("Without evidence of any change of circumstances affecting the welfare of the child or an increase in need, however, an increase for support based solely on the ground that the support payor's income has increased is improper."). Although the allegations of a motion to modify child support need not include detailed factual allegations regarding the changes in circumstances to survive a motion to dismiss, we stress that in this case, the only allegation was, in its entirety, that "on information and belief, the parties' incomes have changed significantly since the entry of the order."[9] Even if we assume that this allegation is entirely true, this fact alone cannot survive a motion to dismiss.

We conclude that defendant's motion to modify failed to allege facts which would support a finding of a substantial change in circumstances which would have allowed the trial court to proceed to modify child support. The trial court did not err when it dismissed the motion. Accordingly, the 19 April 2007 order of the trial court is affirmed.

---

9. Again, because defendant did not file an Affidavit of Income, Assets, and Expenses or any other information related to his financial status with his motion, we can rely only upon the allegations of his motion.

N.C. COUNTIES LIABILITY & PROP. JOINT RISK MGMT. AGENCY v. CURRY

[191 N.C. App. 217 (2008)]

Affirmed.

Judges HUNTER and CALABRIA concur.