CURTIS W. SMART, Plaintiff v. THE STATE OF NORTH CAROLINA, BY AND THROUGH THE ALBEMARLE CHILD SUPPORT ENFORCEMENT AGENCY, EX REL., NICOLE MARIE SMART, Defendant

No. COA08-1286

(Filed 7 July 2009)

## 1. Child Support, Custody, and Visitation— support—motion to modify—treated as summary judgment

A husband's motion to modify child support was treated as a motion for summary judgment, and the findings disregarded, where the trial court received an exhibit from the husband which was not contested by the wife.

## 2. Child Support, Custody, and Visitation— support—motion to modify—change of circumstances between agreement and incorporation

The trial court did not err by using the date of a final divorce decree from which to measure a change in circumstances where plaintiff alleged a change in circumstances (discharge from the Marine Corps) after the separation agreement was entered but before the final divorce decree incorporating the separation agreement.

Appeal by plaintiff from order entered 5 December 2007 by Judge J. Carlton Cole in Pasquotank County District Court. Heard in the Court of Appeals 12 March 2009.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Lisa Bradley Dawson, for the State.*

*The Twiford Law Firm, P.C., by Edward A. O'Neal, for plaintiff-appellant.*

STROUD, Judge.

This case presents the sole question of whether the child support provision in a voluntary separation agreement which is incorporated into the final divorce decree can be judicially modified based solely on events occurring after execution of the separation agreement but before entry of the final divorce decree which incorporated the separation agreement. Because we answer negatively, we affirm.

### I. Background

On 21 October 1997, plaintiff enlisted in the United States Marine Corps ("USMC"). Plaintiff (or "Husband") and defendant Nicole Marie Smart (or "Wife") married on 29 January 2000. The parties separated on or about 1 June 2005.

In February 2006, the USMC gave Husband the option to deploy to Iraq. When he declined to deploy, the USMC confirmed his discharge date of 23 November 2006. After this date, he would not be allowed to re-enlist.

On 31 May 2006, Husband signed a marital separation agreement ("the agreement"). The agreement was signed by Wife on 27 July 2006. The agreement provided, *inter alia*, that Husband would pay three-hundred twenty-six dollars ($326.00) to Wife every other week

SMART v. STATE ex rel. SMART

[198 N.C. App. 161 (2009)]

for child support. The agreement further provided "[a]ll of the provisions of this Agreement shall be incorporated in any judgment or decree of divorce."

On 26 September 2006, Husband filed a verified complaint for divorce in Pasquotank County District Court. The complaint attached a copy of the agreement and stated "the parties previously entered into a Separation Agreement which addressed all issues pertaining to the dissolution of the marriage; paragraph 13 of said Agreement stated that the Separation Agreement would be incorporated into any subsequent decree of divorce." Husband moved for summary judgment on 16 November 2006.

A hearing on the summary judgment motion was held on 11 December 2006. That same day, the trial court entered an order granting Husband an absolute divorce and decreed that the parties' marriage was dissolved. The order expressly incorporated the agreement and attached a copy.

On 15 December 2006,[1] Husband filed a Motion and Notice of Hearing for Modification of Child Support Order. Husband's motion requested that his child support obligation as established by the incorporated separation agreement be reduced based upon a change in circumstances and alleged only his current unemployment as a change in circumstances. On 28 March 2007, Wife also filed a Motion and Notice of Hearing for Modification of Child Support Order. Wife's motion requested that the "child support agency be allowed to intervene and redirect child support through the child support enforcement agency" but did not request any change in the amount. Wife's motion was heard on 20 April 2007. On 12 June 2007, the trial court entered an order allowing the State to intervene for the purpose of enforcement of the order. The order also directed Husband to pay child support in the amount of seven-hundred six dollars ($706.00) per month[2] commencing 1 May 2007 and to pay an additional forty-four dollars ($44.00) per month as arrears.

On 28 June 2007, Husband filed a motion to set aside the 12 June 2007 order and also another motion to modify child support. The

1. The copy of Husband's 15 December 2006 motion appearing in the record has a large X through the clerk's date stamp. It was apparently returned to the husband by the Clerk of Court for reasons unclear from the record. Nevertheless, Wife conceded in open court that the motion was properly filed on 15 December 2006.

2. This amount of child support is the same as established by the incorporated separation agreement, but paid monthly instead of bi-weekly.

SMART v. STATE ex rel. SMART

[198 N.C. App. 161 (2009)]

motion to modify alleged that Husband had been unemployed since leaving the USMC in November 2006 and requested the trial court "[t]o enter an Order modifying the Plaintiff's child support obligation effective December 15, 2006[,]" the date he had filed his original motion to modify child support.

The trial court scheduled a hearing on Husband's motions on 26 September 2007. At the hearing, Wife stipulated that the court should set aside the 12 June 2007 order[3] and consider "whether or not [Husband was] entitled to a modification of his existing child support obligation." Wife also orally moved for dismissal of Husband's motion to modify child support. Husband's military discharge papers, showing a discharge date of 23 November 2006, were received as the only exhibit in the case. The trial court received no affidavits and heard no testimony at the hearing.

On 5 December 2007, the trial court entered an order setting aside the 12 June 2007 order. The trial court's 5 December 2007 order found that "[i]n February 2006 plaintiff voluntarily chose not to reenlist with the [USMC]" and concluded "[t]here ha[d] not been a substantial change in circumstances since the entry of the December 11, 2006 Order which would justify the modification of plaintiff's child support obligation." Accordingly, the trial court denied Husband's motions of 15 December 2006 and 28 June 2007. Husband appeals.

## II. Standard of Review

[1] The trial court's order purported to find facts and make conclusions of law based on those findings. However, there is "confusion in the record as to the procedural context of the trial court's action[,]" *Hensley v. Ray's Motor Co. of Forest City, Inc.*, 158 N.C. App. 261, 263, 580 S.E.2d 721, 723 (2003), so we must first discern the substance of husband's motion in order to determine the correct standard of review,[4] *id.*; *see also In re Quevedo*, 106 N.C. App. 574, 578, 419 S.E.2d 158, 159 ("[A] motion is treated according to its substance and not its label."), *appeal dismissed*, 332 N.C. 483, 424 S.E.2d 397 (1992).

___

3. The motion to set aside was based upon the fact that Husband's original 15 December 2006 motion to modify had been "unfiled" and apparently returned to him by the office of the Clerk of Court, so it was not considered by the court at the 20 April 2007 hearing.

4. This problem often arises in domestic cases which are always tried before a judge without a jury, but are sometimes disposed of on summary judgment, *see, e.g., Craddock v. Craddock*, 188 N.C. App. 806, 813, 656 S.E.2d 716, 720-21 (2008), or a motion to dismiss, *see, e.g., Devaney v. Miller*, 191 N.C. App. 208, 211-13, 662 S.E.2d 672, 675 (2008).

## SMART v. STATE EX REL. SMART

[198 N.C. App. 161 (2009)]

When the trial judge sits as the trier of fact on a motion to modify child support "it must 'find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.' " *Koufman v. Koufman,* 330 N.C. 93, 96, 408 S.E.2d 729, 731 (1991) (quoting N.C. [Gen. Stat.] § 1A-1, Rule 52(a)). On appeal the reviewing court "evaluat[es] whether a trial court's findings of fact are supported by substantial evidence [and also] must determine if the trial court's factual findings support its conclusions of law." *Shipman v. Shipman,* 357 N.C. 471, 475, 586 S.E.2d 250, 254 (2003).

However, when a case is disposed of by summary judgment based on the undisputed facts, or by judgment on the pleadings based on the allegations of the pleadings taken as true, findings of fact are not necessary and are "disregarded on appeal." *Sunamerica Financial Corp. v. Bonham,* 328 N.C. 254, 261, 400 S.E.2d 435, 440 (1991); *see also Devaney v. Miller,* 191 N.C. App. 208, 212, 662 S.E.2d 672, 675 (2008) ("Generally, findings of fact are inappropriate where . . . the facts are not in dispute."). The reviewing court conducts a *de novo* review. *Carolina Bank v. Chatham Station, Inc.,* 186 N.C. App. 424, 428, 651 S.E.2d 386, 389 (2007)(reviewing summary judgment *de novo*); *Holleman v. Aiken,* 193 N.C. App. 484, 491, 668 S.E.2d 579, 584-85 (2008) (reviewing Rule 12(b)(6) dismissal *de novo*).

At the 26 September 2007 hearing on husband's motion, wife orally moved to dismiss on the grounds that husband's "motions fail on their face" because the sole allegation of a "change in circumstances," husband's discharge from the USMC, occurred *before* entry of the divorce decree. The trial court received one exhibit from husband at the hearing, his military discharge papers, and no other evidence appears in the record before us.[5]

---

5. The "Statement of Organization of the Trial Court" found in the record on appeal contains a list of five "stipulations." However, a "Statement of Organization of the Trial Court" should only contain "a statement identifying the judge from whose judgment or order appeal is taken, the session at which the judgment or order was rendered, or if rendered *out of session,* the time and place of rendition, and the party appealing[.]" N.C.R. App. P. 9(a)(1)(b). One purpose of the appellate rules, including Rule 9's direction as to the content of the record on appeal, is to "facilitate[] the reading and comprehension of large numbers of legal documents by members of the Court and staff." *State v. Riley,* 167 N.C. App. 346, 347-48, 605 S.E.2d 212, 214 (2004). We admonish counsel to closely adhere to Rule 9 in future appeals.

Furthermore, the "stipulations" were not signed by the parties or their attorneys and were not made orally at the hearing, so they are not contained in the transcript. "If . . . oral stipulations are not reduced to writing *it must affirmatively appear in the record* that the trial court made contemporaneous inquiries of the parties at the time the stipulations were entered into[,]" *McIntosh v. McIntosh,* 74 N.C. App. 554, 556, 328 S.E.2d 600, 602 (1985) (emphasis added), and "better practice require[s] that . . . stipu-

Because the trial court received husband's exhibit, the validity of which was not contested by wife, we will treat husband's motion as one for summary judgment and disregard the findings of fact. *Hensley*, 158 N.C. App. at 263, 580 S.E.2d at 723 ("[S]ince the trial court was presented with affidavits and exhibits and did not exclude matters outside the pleadings, we treat the motion as one for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure.") "A trial court's grant of summary judgment receives *de novo* review on appeal, and evidence is viewed in the light most favorable to the non-moving party." *Sturgill v. Ashe Mem'l Hosp., Inc.*, 186 N.C. App. 624, 626, 652 S.E.2d 302, 304 (2007), *disc. review denied*, 362 N.C. 180, 658 S.E.2d 662 (2008).

## III. Analysis

[2] Husband's brief makes two arguments. First, he argues that his severance from the USMC was involuntary and could therefore be a proper basis to modify his child support obligation. Second, husband argues that

> when Plaintiff was discharged from the USMC in November [2006], his earnings stopped, but there was not a child support order from which to seek modification because the divorce had not occurred which incorporated the Agreement into the decree. Plaintiff ha[d] to wait until the Agreement was incorporated into the divorce decree to seek a modification. . . . The 11 December 2006 Order was the first child support order to be entered and it was only after that date that the Plaintiff could file a Motion to modify.
>
> . . . The facts that would support a modification of the child support order would be to compare the parties['] circumstances that existed at the time [the] Agreement was signed and the circumstances that existed when the Plaintiff filed his Motion to modify, not at the instant the Agreement was incorporated into the decree as Judge Cole's Order would require.

We disagree with husband as to his second issue and it is dispositive.

"[A]n order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause

lations entered into by counsel at the pretrial stage be evidenced by a signed writing." *Amick v. Shipley*, 43 N.C. App. 507, 511, 259 S.E.2d 329, 331 (1979). Even assuming that the "stipulations" are properly a part of the record, they would be undisputed by definition, leaving no disputed facts for the trial court to "find."

and a showing of changed circumstances by either party . . . ." N.C. Gen. Stat. § 50-13.7(a) (2007). When a party's sole ground for requesting a decrease in the amount of child support is a change in the party's income,

> absent a showing of a change in the needs of the child, only a substantial and involuntary decrease in the non-custodial parent's income can justify a decrease in the child support obligation. All other changes in income must be accompanied by facts showing that the needs of the child have changed.

*Devaney*, 191 N.C. App. at 216, 662 S.E.2d at 677-78 (citations and emphasis omitted). The date from which to measure the change in income is critical to ruling on a motion to modify child support. *Id.*

The question before us is which measuring date to use to determine if the husband had substantial and involuntary reduction in income: the date of the voluntary separation agreement which included a provision for child support, or the date of incorporation of the separation agreement into the final divorce decree. This question is answered by *Cavenaugh v. Cavenaugh*, 317 N.C. 652, 347 S.E.2d 19 (1986), a case on all fours with the case *sub judice* but which neither party cited. According to *Cavenaugh*:

> By incorporating the separation agreement of the parties into the judgment of divorce the trial judge made that agreement an order of the court subject to modification on the basis of changed circumstances. However, defendant has presented no evidence that the circumstances of either party have undergone a material change subsequent to the incorporation of the separation agreement into the divorce decree. The changes which occurred in defendant's earnings and financial situation after the parties entered into the separation agreement, but before the agreement became an order of the court, are irrelevant since his obligations were purely contractual at that time. *We hold that a separation agreement which has been incorporated into a judgment of the court may be modified by the court only upon a showing that the circumstances of the parties have changed **subsequent to the date of incorporation**.* If defendant did not desire such a result, he was free not to enter into a separation agreement which provided that either party could request that it be made an order of the court by motion filed in the divorce action.

317 N.C. at 659-60, 347 S.E.2d at 24 (emphasis added). *Cavenaugh* "note[d] the possibility that a trial judge, in the exercise of his equi-

table power, may be able to refuse to incorporate a separation agreement into the divorce decree if he finds that incorporation would be inequitable." 317 N.C. at 660, 347 S.E.2d at 24 n.1. However, in *Cavanaugh*, as here, "the parties [did] not raise[] this question and it is not before us." *Id.* In addition, we note that husband was the party who filed the divorce complaint which specifically requested incorporation of the separation agreement into the divorce decree and the party who requested the court to enter the summary judgment divorce decree which incorporated the agreement.

Husband's allegation of a change in circumstances after the separation agreement was entered, but before the final divorce decree incorporating the separation agreement, was irrelevant to his motion to modify child support. 317 N.C. at 660, 347 S.E.2d at 24. The facts are not in dispute, and Husband does not allege any change in circumstances after the date the separation agreement was incorporated into the final divorce decree. The trial court did not err in using the date of the final divorce decree from which to measure a change in circumstances in concluding that there had been no change in circumstances.

Because this question is dispositive, we need not address whether severance from the USMC was a voluntary or involuntary reduction of income. Either way, his severance occurred prior to incorporation of the separation agreement into the divorce decree. Accordingly, the trial court's order disallowing modification of child support is affirmed.

Affirmed.

Judges JACKSON and STEPHENS concur.